**POPPA, Plaintiff, v. WANAMAKER, Defendant.**

Ohio Appeals, Ninth District, Summit County.

No. 4484. Decided October 13, 1954.

J. P. Riddle Akron, for plaintiff.
Alva J. Russell, Pros. Atty., Akron, for defendant.

## OPINION

By HUNSICKER, J.

This is an original action in mandamus, filed in this court.

The petitioner, Theodore A. Poppa, seeks to secure an order of this court compelling the defendant herein, The Honorable Walter B. Wanamaker, a Judge of the Common Pleas Court of Summit County, Ohio, to issue an order to the clerk of the Common Pleas Court of Summit County, Ohio. to prepare a certified copy of "the full Trial Transcript of Case No. 24696 of the court proceedings had against this petitioner in February, 1950, when petitioner was convicted and sentenced to the Ohio Penitentiary * * *."

The prosecuting attorney of Summit County, as counsel for the defendant, has filed a demurrer, saying that "said petition does not state facts which constitute a cause of action."

Counsel for Poppa is serving at the request of the Akron Bar Association, without fee and as a public service in the administration of justice. From the very nature of this case, a broad scope was permitted in oral argument, and a careful survey of all rights of the litigants has been made by this court. Oral argument on the demurrer and on the merits has been presented to this court by counsel.

On February 15, 1950, Theodore Poppa was convicted by a jury on each of four counts of an indictment for certain felonies committed in Summit County, Ohio. The trial judge, The Honorable Walter B. Wanamaker, sentenced Poppa to the Ohio Penitentiary on each of the four counts. to consecutive terms in that institution. Two counts were for the crime of breaking and entering, one count for grand larceny, and one count for carrying concealed weapons.

On March 19, 1954, Poppa petitioned the then presiding judge of the Common Pleas Court for the transcript which he seeks by this present ac-

tion. The application then made to the court was refused unless a deposit for the payment of the cost of such transcript (or, as it is technically called, bill of exceptions), was first made with the official court reporter who served during the course of the Poppa trial held on February 15, 1950.

The present original action in mandamus was thereafter filed in this court on May 20, 1954, by Poppa, and with it Poppa's affidavit of indigency.

No request has been made to this court, or to a majority of the judges thereof to grant leave to appeal the judgment of conviction entered on the verdict of a jury in the case of **State of Ohio v. Theodore Poppa** (§2953.05 **R. C.).** So far as we know there is no disposition to question the judgment so entered.

Theodore Poppa insists by his petition for mandamus that he is, as a matter of right, entitled to have a copy of the "full Trial Transcript in Case No. 24696." and that since he is unable to pay for such transcript, he can, by filing an affidavit "in forma pauperis," secure such transcript upon request.

It must be remembered that mandamus is an extraordinary writ, and will not lie unless the plaintiff can establish a clear legal right thereto. The right of the plaintiff must be clear, and the act, performance of which is desired, must be one of absolute obligation on the part of the person or officer.

**State, ex rel. Albright, v. Haber, 139 Oh St 551; State, ex rel. Stanley, v. Cook, Supt., 146 Oh St 348; State, ex rel. Cook v. Civil Service Comm., 152 Oh St 71.**

A search of the statutes, with respect to bills of exceptions (§2945.65, et seq., R. C.), and appeals in criminal cases (§2953.01, et seq., R. C.), does not disclose any requirement that a defendant in a criminal case be furnished, free of charge, for the purposes of appeal or mere examination, a bill of exceptions. **Sec. 2953.03 R. C.,** a part of the chapter on "Appeals," says:

"On application by or on behalf of the accused, to an officer required to make a record or docket entries in a criminal case as provided in §2953.02 **R. C.,** and upon tender of the proper fee, such officer shall make and deliver to such accused, or his counsel, a complete certified transcript of the record omitting therefrom, if so requested, a bill of exceptions. If the prosecution was before a court or magistrate in which a complete record is not made, such officer shall so make and deliver a certified transcript of the judgment and all entries in the case, and shall forward to the clerk of the court in which review is sought, the original papers in the case."

That portion of the Revised Statutes dealing with the appointment and duties of the official shorthand reporters, §§2301.18 to 2301.26, inc., R. C. (former §§1546 to 1554, inc., GC), discloses certain requirements with respect to the furnishing of transcripts of the shorthand notes taken during the course of a trial.

Sec. 2301.23 R. C., says:

"When shorthand notes have been taken in a case as provided in §2301.20 R. C., if the court, either party to the suit, or his attorney, requests transcripts of any portion of such notes in longhand, the shorthand reporter reporting the case shall make full and accurate transcripts thereof for the use of such court or party. The court may direct the official shorthand re-

porter to furnish to the court and parties copies of decisions rendered and charges delivered by the court in pending cases."

Sec. 2301.24 R. C., in its pertinent part says:

"* * *. The compensation for transcripts made in criminal cases, by request of the prosecuting attorney or the defendant, and transcripts ordered by the court in either civil or criminal cases, and copies of decisions and charges furnished by direction of the court shall be paid from the county treasury, and taxed and collected as other costs. The clerk of the court of common pleas shall certify the amount of such transcripts or copies, which certificate shall be a sufficient voucher to the county auditor, who shall forthwith draw his warrants upon the county treasurer in favor of such shorthand reporters."

And §2301.25 R. C., in its pertinent part says:

"When ordered by the prosecuting attorney or the defendant in a criminal case, or when ordered by the court of common pleas for its own use, in either civil or criminal cases, the costs of transcripts mentioned in §2301.23 R. C. shall be taxed as costs in the case, collected as other costs, and paid by the clerk of the court of common pleas, quarterly, into the county treasury, and credited to the general fund. * * *."

Is it possible to reconcile the apparent inconsistency between §2953.03 R. C., and the provisions found in the sections on the duty of the official shorthand reporters?

The Supreme Court of Ohio, in the case of **Krieger's Cleaners & Dyers, Inc., v. Benner, 123 Oh St 482**, at p. 491, in speaking of the purpose of similar sections contained in the former General Code of Ohio, said:

"These provisions illustrate the general intent of the Legislature that litigants shall be entitled to make up a true and accurate account of the proceedings at a trial, to be used upon review."

It should also be noted that §2953.03 R. C., provides for the request to be made to an "officer required to make a record or docket entries in a criminal case." In this case no such request was made to the clerk of the Common Pleas Court.

In the instant case, if Poppa desires a full transcript of the docket and journal entries including a bill of exceptions, such request should be made to the proper official (the clerk of the Common Pleas Court), **to whom he shall present the required fee. Sec. 2953.03 R. C.**, supra. (Underscoring ours.) If he desires only a "transcript of any portion of such notes (shorthand) in longhand," the request should be made to the official shorthand reporter. The request as made by the relator herein, Poppa, was to the trial judge, and there is no provision in the statutes that he shall supply such material to a defendant in a criminal case.

There is no legal right to the act sought to be enforced by this petition. The demurrer shall be sustained.

The nature of this case compels us to give a further reason why the request made herein should not and need not be granted. There is no appeal from the judgment of conviction now pending; the use of the material can avail the defendant nothing ecept "to be used upon review" (Krieger's Cleaners & Dyers, Inc., v. Benner, supra), and the time provided for by the statute granting the right of appeal is several years beyond the legal limit when an appeal may be made as a matter of right.

The right to appeal is a statutory right, and the Supreme Court of Ohio, in the case of **State v. Edwards 157 Oh St 175**, speaking on such right, said:

"1. Due process of law involves only the essential rights of notice, hearing or opportunity to be heard before a competent tribunal. An appeal from a judgement of conviction is not a matter of absolute right independent of constitutional or statutory provisions allowing such appeal. It is wholly within the discretion of the state to allow or not to allow such a review and it may be granted on such terms and conditions as to the legislature seems proper. (Paragraph 4 of the syllabus of **Luff v. State, 117 Ohio St, 102**, approved and followed.)"

The petition for the writ of mandamus prayed for is dismissed, at the costs of the relator. The court will file the proper journal entry.

DOYLE, PJ, and STEVENS, J, concur.