For the foregoing reasons, the judgment is affirmed.

*Judgment affirmed.*

HURD, P. J., and KOVACHY, J., concur.

The State, ex rel. Lancaster, *v.* The State of Ohio et al.

(No. 4928—Decided January 13, 1960.)

*Mr. Joseph F. Lancaster, in propria persona.*

*Mr. John S. Ballard,* prosecuting attorney, and *Mr. John McCulloch,* for respondents.

DOYLE, P. J.   The relator, Joe F. Lancaster, presently a prisoner in the Ohio State Penitentiary, following his conviction of the crime of first degree murder, has filed in this court a petition styled "petition for an alternative writ of mandamus." Stephen C. Colopy, Judge of the Court of Common Pleas, Summit County, Ohio (the trial judge in the Lancaster murder case), is the real named defendant.

It is alleged in the petition that Judge Colopy "has unscrupously [*sic*] denied your plaintiff the constitutional guarantee of a fair and impartial trial; effective assistance of counsel for his defense; and subsequently denied a motion for production of legal records, transcript, etc.; said denial under the circumstances being so reprehensible as to warrant the judicial aid of this honorable Court of Appeals of Ohio."

The petition further states in substance that:

(1) Relator was indicted for murder in the first degree; (2) a conviction was "fraudulently" procured; (3) the death penalty was imposed; (4) a motion for a new trial was "prejudicially denied"; (5) "one of the state-appointed attorneys, having been all through the trial openly hostile and belligerent toward your plaintiff, withdrew from the case. However, after much publicity in the newspaper, he again was reinstated in the case by a judge of the court, all of which was against the wishes and rights of the defendant (plaintiff herein)."

(6) Subsequently, appeals were taken, from the judgment of conviction and sentence, to the Court of Appeals and to the Supreme Court of Ohio, which required the prepayment of over $300 (by the defendant and his friends) "for the cost of the

transcript, bill of exceptions, certifications of the records, etc."

(7) Following affirmance of the judgment of conviction and sentence of the trial court by the appellate courts, the date of execution was again set.

(8) Pursuant to a review of the records by the Governor of the state, "executive clemency was extended, thereby condemning your plaintiff to spend the rest of his natural life in the Ohio State Penitentiary for a crime which he did not commit."

(9) Relator having paid for the numerous court records, applied to his attorneys for copies thereof, "of which they denied having upon the excuse that said transcript of the court was used in appeal and now is a record of the court."

(10) "Forthwith, a motion was filed in said Court [of Common Pleas] requesting that certified copies of the records be furnished to your plaintiff under *forma pauperis* * * * [and] stressing the fact that such transcription and legal documents are now needed and required on the grounds of raising and sustaining substantial state and federal constitution[al] questions * * * of which said records will inevitably sustain."

(11) Judge Colopy denied the motion.

(12) "Wherefore, plaintiff moves this * * * Court [of Appeals] to issue its order to the respondent named herein to show cause * * * why, under the circumstances shown, such records of the court should not now be made available to the plaintiff to sustain [his position] that federal protected rights have not been protected by the court."

The cause was duly set for hearing, following service upon the defendant, and the relator was notified of the date thereof. Upon relator's failure to appear personally or through counsel, and the court having received no answer to its letter notifying the relator of the day upon which the hearing was set, this court proceeded to hear the cause on the pleadings and brief submitted by said relator. The defendant was represented by an assistant prosecuting attorney of the county.

The appeals mentioned in the relator's petition are well known to the members of this court. The opinion of this court, setting forth and deciding the claimed errors, as well as a statement of pertinent facts surrounding the killing, may be found in *State* v. *Lancaster*, 106 Ohio App., 401. The opinion of the

Supreme Court of Ohio, affirming the action of this court, is reported in *State* v. *Lancaster*, 167 Ohio St., 391.

The records which are here sought are public records and are in the custody of the court, represented by its clerk. They are, however, available for inspection as public records by the relator or his representative at reasonable times and under reasonable circumstances.

The relator in his petition seeks to obtain possession of the original records, or copies thereof, at public expense, for inspection and perhaps use in further litigating the judgment of conviction and his incarceration.

It appears that the costs of the criminal prosecution through the courts, as well as the cost involved in the preparation of the bill of exceptions and other papers in the case, despite the allegations of the relator to the contrary, were paid from public funds.

We recognize the petitioner as a pauper and incapacitated to obtain funds to pay for copies of the various records which he now seeks. He is, of course, not entitled to the original records, including the bill of exceptions. Is he entitled to receive copies thereof at public expense?

In the case of *Griffin* v. *Illinois*, 351 U. S., 12, 100 L. Ed., 891, a majority of the judges of the Supreme Court of the United States held that the "due process" and "equal protection" clauses of the Fourteenth Amendment to the Constitution of the United States are violated when a state which provides for appeals from conviction of crime as a matter of right, administers such right in such a way as to deny full appellate review to an indigent defendant solely because of his inability to pay for a transcript of the record and a full bill of exceptions recording the testimony, exhibits, and the conduct of the trial, while granting a full review to other more fortunate defendants who have the means to pay and obtain a complete record of the proceedings.

Under this decision, the various states of the Union, in which such financial aid at the expense of the state is not made available, are now required to furnish, in felony cases, the means of affording adequate and effective appellate review to all indigent defendants. Under this ruling it appears that the

court has produced a new concept of equal protection, which requires a state to dispel inequities, even though they may not be the product of discriminatory policies.

In other words, the case holds that, in states which permit a review of all aspects of a criminal case, if a nonindigent defendant is able to put before the reviewing court a full transcript and record of the trial court proceedings, it must furnish the same review to those defendants who are unable to pay for writing up the record.

Effective November 6, 1959, the Legislature of Ohio, in Section 2301.24, Revised Code, amended the Code section to, in part, read as follows:

"* * *

"The trial judge may, during trial, in the exercise of sound discretion, and in the interest of justice, and where there are reasonable grounds for the request, order a transcript of the testimony of one or more witnesses on behalf of an indigent defendant in a criminal case, the expense of which shall be paid by the county treasury and taxed as costs. * * *"

See, also, Section 2953.03, Revised Code, effective November 6, 1959.

Prior to the effective dates of these amendments to the statute, the Supreme Court of Ohio, in *State* v. *Frato,* 168 Ohio St., 281, held:

"Where shorthand notes have been taken in a criminal case, as provided in Section 2301.20, Revised Code, the defendant therein has the right to a full transcript of the evidence without paying for it in advance. (Sections 2301.23, 2301.24, 2301.25, and 2953.03, Revised Code, construed and applied.)"

Regardless of these pronouncements of the Legislature and the Supreme Court of Ohio, an indigent defendant in a felony case is entitled to a complete record of his trial if it is his desire to appeal his conviction to a reviewing court in this state, and if such record is necessary for a full appellate review. If he is indigent and unable to pay for the transcription thereof, the record must be provided at public expense. *Griffin* v. *Illinois, supra.*

Directing attention now to the case before us, we find that the relator, in his appeals through the Court of Appeals and

through the Supreme Court of Ohio, has presented to each court a full and complete record of the proceedings in the trial court, which record, as heretofore stated, was financed out of the public treasury. He was denied neither due process, nor equal protection, within the purview of the federal Constitution. He is now at the end of any further appellate review in this state. If he should desire to further appeal to the Supreme Court of the United States, the records are available and in legal custody for proper presentation to that august body.

It would appear from his petition and brief that he seeks the originals or copies of the records for his own inspection and study, to the end that he may prepare himself to further seek relief from the judgment of conviction from sources other than through the processes of appeal in the state courts.

There is no authority extant for this court to issue a writ of mandamus against any officer, requiring such person to release the custody or control of any public court record to a person of civilian status nor to tap the public funds for the purpose of making copies thereof for purposes of this kind. Due process and equal protection under the law do not apply here.

The writ will be denied, and the petition dismissed.

*Writ denied.*

STEVENS and HUNSICKER, JJ., concur.