STATE, EX REL. WILSON, RELATORS, *v.* McMAHON, JUDGE, COURT OF COMMON PLEAS, CUYAHOGA COUNTY, RESPONDENT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25523.   Decided March 23, 1961.

*Mr. A. L. Kearns, Mr. Aaron J. Ritzenberg* and *Mr. James R. Willis,* for relators.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Bernard J. Stuplinski* and *Mr. John T. Patton,* assistant prosecuting attorneys, for respondents.

SKEEL, J. This is an original action in the court wherein the relators seek a writ of mandamus directing the respondent, a Judge of the Court of Common Pleas, to order and make available to the relators a bill of exceptions and transcript of the record without advance payment, to be charged as costs under the provisions of Section 2301.24 and 2953.03, Revised Code.

The relators, by their petition, allege that the respondent is a judge of the Court of Common Pleas of Cuyahoga County and that he presided over the trial of the relators in a case styled *State* v. *Yancy Wilson et al.* (in which these relators, as defendants, were charged with a felony) which resulted in a verdict of guilty against all of the relators. It is alleged that a motion for new trial was filed claiming that the verdict of the jury was against the weight of the evidence and contrary to law, which motion was overruled. Further, pursuant to Section 2953.03, Revised Code, these relators, defendants in the above described case, made written application for an order requiring the State to pay for a bill of exceptions and transcript of the record, setting forth in affidavits filed with the application that they were indigent and unable to pay the statutory fees therefor. It is alleged that said application was denied and that there is now pending in this court an appeal from the judgment entered by the trial court in the felony case above set out and that unless the respondent is required by mandate, issued by this court, to grant the application of the relators for a bill of exceptions and transcript to be taxed as costs, the relators' rights to an appellate review (of the felony case in which they were found guilty) will be denied them.

They further allege that they have no adequate remedy of law.

The sufficiency of the petition is challenged by demurrer. In this proceding the record of the hearing before the trial judge on the application seeking an order for a bill of exceptions and transcript without prepayment of the costs, such costs to be taxed as costs in the case as provided by Section 2953.03, is not before us and even if offered in evidence, would not be admissible. That part of Section 2953.03, Revised Code, applicable here, provides:

"The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24, Revised Code, and order the amount in money so paid charged as costs in the case. In cases where the court grants a motion to prepare a bill of exceptions for the defendant at the expense of the state, as herein provided, and there is not sufficient time to file it, as provided by Section 2953.04, Revised Code, the court shall extend such time, not exceeding thirty days from granting such motion."

It is clear from the provisions just quoted that the trial court, in the application for a bill of exceptions and transcript, must determine from the evidence that the defendant in the trial court making such application for a bill of exceptions and transcript without paying therefor in advance, by reason of poverty, is unable to pay for a bill of exceptions and the transcript as provided by law. The court must also determine that the proposed appeal on questions of law is not frivolous or a sham or in other words groundless. The word "may" in the statute does not limit the indigent defendant's right to an appeal to be in any sense at the permission or arbitrary will of the trial judge. Such right is a constitutional right to be enjoyed by those who are truly indigent to the same extent as all others. However, to be entitled to the benefits provided for by Section 2953.03, Revised Code, the defendant must establish by credible proof, presented on the application, that such defendant is not able, by reason of poverty, to pay for a bill of exceptions or to pay the fees for a transcript and also that such appeal has at least some apparent justification. Whether upon

the trial of such application, in the common pleas court case, the court was justified, in the exercise of reasonable discretion, in denying the relators' request, cannot be tested in a proceeding in mandamus. The inquiry provided for in Section 2953.03, Revised Code, is a special proceeding filed after judgment which is appealable upon presenting the record under rules provided for appeal on questions of law. Mandamus cannot be used as a substitute for appeal. The demurrer is, therefore, sustained.

An examination of the petition indicates that all of the claims for a writ that are available to the relators are set out in the petition and that no purpose would be served in granting leave to plead. The petition is, therefore, dismissed and the writ denied. Order see journal.

KOVACHY, P. J., HURD, J., concur.