THE STATE OF OHIO, APPELLEE, *v.* ARMSTRONG, APPELLANT.

[Cite as State v. Armstrong, 18 Ohio App. 2d 249.]

250

(No. 4916—Decided June 3, 1969.)

*Mr. Vincent Gilmartin*, prosecuting attorney, for appellee.

*Mr. Nathaniel R. Jones*, for appellant.

LYNCH, P. J.   Defendant, appellant herein, filed an affidavit of indigency and a motion for the appointment of counsel and for an order providing the transcript of the record and a bill of exceptions at public expense.

Upon hearing, we found defendant to be indigent and

appointed counsel for him for his appeal. His motion for an order providing the transcript of the record and a bill of exceptions is one of several similar motions before this court, and we have decided to review the applicable law on the issue of providing a transcript of the record and a bill of exceptions to an indigent defendant in a criminal case.

Ohio gives to every person convicted in a criminal trial a right of appeal; therefore, an indigent defendant convicted of a felony has a right under the "due process" and "equal protection" clauses of the United States Constitution to have a transcript of the record and a sufficient bill of exceptions to provide an adequate appellate review at public expense for an appeal to which he is entitled as a matter of right. Destitute defendants must be afforded as adequate appellate review as defendants who have money to buy transcripts. *Griffin* v. *Illinois*, 351 U. S. 12, at pages 18-19, 76 S. Ct. 585, 100 L. Ed. 891; *State, ex rel. Partee,* v. *McMahon*, 175 Ohio St. 243; *State, ex rel. Lancaster,* v. *State*, 111 Ohio App. 59; *State, ex rel. Wilson,* v. *McMahon*, 114 Ohio App. 245.

Section 2953.03, Revised Code, provides, in part, as follows:

"The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Revised Code, and order the amount in money so paid charged as costs in the case. * * *"

Section 2953.03, Revised Code, authorizes the Common Pleas Court, in the case of an indigent defendant in a felony case who has perfected an appeal within time, to order the transcript of the record and the bill of exceptions to be paid from the county treasury and order the amount of money so paid to be charged as costs in the case. *State, ex rel. Wright,* v. *Cohen*, 174 Ohio St. 47; *State* v. *Talley*, 11 Ohio St. 2d 190; 15 Ohio Jurisprudence 2d 357, Criminal Law, Section 128.

Section 2953.04, Revised Code, provides, in part, as follows:

"* * * Upon filing the notice of appeal there shall be filed in the appellate court the transcript and original papers as provided in Section 2953.03 of the Revised Code. * * * The court in which the review is sought, by summary process, may compel a more complete record to be furnished, and such original papers to be forwarded. * * *."

If the trial court does not order a transcript of the record for an indigent defendant in a criminal case, the Court of Appeals has authority to do so pursuant to Section 2953.04, Revised Code. *Little* v. *State*, 8 C. C. 51, 4 C. D. 285.

There is no statutory authority for the Court of Appeals to initially order a bill of exceptions for an indigent defendant; however, if a Court of Common Pleas denies an indigent defendant convicted of a felony his right to a bill of exceptions, the indigent defendant can appeal such order of the trial court to the Court of Appeals. *State, ex rel. Wilson,* v. *McMahon,* 172 Ohio St. 438; *McCoy* v. *Maxwell, Warden,* 176 Ohio St. 249; *Harris* v. *Maxwell, Warden,* 2 Ohio St. 2d 337.

A related question is the extent of the right of an indigent defendant convicted in a felony case to a bill of exceptions. The United States Supreme Court answered this question as follows:

"* * * Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin* v. *Illinois,* 351 U. S. 12, at page 19.

It has been our experience that defendants who are paying for their bills of exceptions generally do not order proceedings of the trial that do not constitute evidence, such as the *voir dire* examination of the jury, opening statements of counsel, closing arguments of counsel, and the court's charge to the jury, unless they specifically claim that error was committed during such proceedings. In the event that error is claimed on the *voir dire* examination of one or more jurors, only so much of the *voir dire* examination is ordered that would demonstrate the claimed error. Furthermore, if there is a lengthy trial of the case

and the defendant does not raise an issue on the weight or sufficiency of the evidence, the defendant usually orders only so much of the record that would demonstrate his assignments of error.

However, indigent defendants now have a constitutional right to a bill of exceptions at public expense, and some indigent defendants are arbitrary and unreasonable and are demanding everything they can receive at public expense, with no regard for either the need or the cost of the bill of exceptions.

Some indigent defendants give the attorneys assigned to them for the trial of their case such a difficult time that the attorneys refuse to represent them on their appeal. The court-appointed counsel on appeal is unfamiliar with the case and has to review the bill of exceptions to find any possible error in the trial.

The case of *State* v. *Myers,* Mahoning County Case No. 4826, illustrates the problem. The bill of exceptions consists of over 780 pages. One hundred sixty-two pages, or over 20 per cent of the total, consisted of nonevidentiary proceedings of the trial, such as the *voir dire* examination (117 pages), opening statements of counsel (7 pages), closing arguments of counsel (30 pages), and the court's charge to the jury (8 pages), even though no error was assigned on any of these proceedings. It is clear that this 162 pages of the bill of exceptions was unnecessary for this appeal and was not only a waste of taxpayer's money but was a waste of time for whatever judge or judges review the bill of exceptions.

We hold that when the trial court orders a bill of exceptions for an indigent defendant in a felony case, at the expense of the county treasury, the bill of exceptions should not include proceedings of the trial that do not constitute evidence, such as the *voir dire* examination of the jury, opening statements of counsel, closing arguments of counsel, and the court's charge to the jury, unless the defendant, or his counsel, specifically requests such part of the record to demonstrate claimed error. If the claimed error concerns the *voir dire* examination of one or more

jurors, only such part of the *voir dire* examination of the juror or jurors as is necessary to demonstrate such error shall be included in the bill of exceptions.

The assignments of error in the *Myers case, supra,* concerned the circumstances of the arrest and arraignment of defendant, the circumstances of obtaining two guns that were admitted into evidence as exhibits, the cross-examination of defendant on prior convictions, and the answering of a question by the trial judge from the jury after the jury had retired to deliberate at the conclusion of the trial. Only 241 pages of the bill of exceptions were necessary to demonstrate these assignments of error, and this represents only 31 per cent of the 780 pages of the bill of exceptions. The remaining part of the bill of exceptions is unnecessary and is a waste of taxpayer's money, and a waste of time for the judge or judges who are required to review it.

However, we conclude that no inflexible rule can be given for what part of the evidence should be included in a bill of exceptions requested by an indigent defendant in a felony case. An indigent defendant, or his counsel, in ordering a bill of exceptions should keep in mind the provisions of Section 2945.65, Revised Code, that if the assignments of error are other than to the weight or sufficiency of the evidence, the bill of exceptions need only contain so much of the evidence as is necessary to properly present the claimed errors, and the reviewing court has the authority to order a full transcript of the evidence if it is necessary to a proper consideration of the case.

In the instant case, defendant has not filed a motion in the Court of Common Pleas for a transcript of the record and a bill of exceptions. For this reason, the motion of defendant for a transcript of the record and a bill of exceptions is overruled.

*Motion overruled.*

O'NEILL and JOHNSON, JJ., concur.