THE STATE OF OHIO, APPELLEE, *v.* ROSS, APPELLANT.

(No. 709—Decided March 30, 1970.)

*Mr. Reynold C. Hoefflin,* prosecuting attorney, for appellee.

*Mr. Kevin N. McCormick,* for appellant.

KERNS, P. J. On July 24, 1969, the defendant, Larry Ross, appellant herein, was charged in Greene County

Juvenile Court with malicious destruction of property in violation of R. C. 2909.01 and 2151.02.

On July 26, 1969, Ross was found to be in indigent circumstances, and counsel was appointed to represent him in the trial court.

On August 14, 1969, court-appointed counsel filed a motion requesting the court to furnish a stenographer for the hearing in Juvenile Court to protect the defendant's right to appeal. This motion was overruled on August 19, 1969.

On September 8, 1969, a hearing was conducted by the Juvenile Court, after which Larry Ross was found to be a delinquent child in that he violated R. C. 2909.01. He was then bound over to the Greene County Grand Jury.

This appeal on questions of law stems from the bind-over order of the Juvenile Court.

The principal error assigned by the defendant is that the court erred in overruling the request for a stenographer at the hearing in Juvenile Court.

This assigned error pertains to the following order of the court:

"This matter came on for consideration by the court on the defendant's motion to have the court furnish a stenographer on the trial of the complaints filed herein at the expense of the county in order to protect the defendant's right of appeal, said defendant being in indigent circumstances and being unable to employ his own stenographer. The court after considering said motion finds it not to be well taken and hereby overrules the same."

In resolving the issue presented herein, it should be noted at the outset that an order of the Juvenile Court waiving its exclusive jurisdiction and authorizing a defendant to be criminally prosecuted in the Court of Common Pleas is final and appealable. R. C. 2505.02; *State* v. *Yoss* (1967), 10 Ohio App. 2d 47; *Kent* v. *U. S.* (1966), 383 U. S. 541.

At this point, we may also judicially notice that the "due process" and "equal protection" clauses of the Four-

teenth Amendment to the Constitution of the United States are violated when a state which provides for appeal from conviction of crime as a matter of right administers such right in such a way as to deny full appellate review to an indigent defendant. *Griffin* v. *Illinois* (1956), 351 U. S. 12; *Lancaster* v. *State* (1960), 111 Ohio App. 59. In fact, the constitutional right of an indigent defendant in a felony case to a bill of exceptions and transcript is specifically recognized in Ohio. R. C. 2953.03.

Contrary to the notion expressed by the plaintiff in the present case, it is hardly debatable that the right to a transcript necessarily embraces the right to a transcriber. Hence, an adult charged with a felony could no doubt successfully challenge the procedure followed herein.

In the case of *Kent* v. *U. S. supra* (383 U. S. 541), the Supreme Court of the United States said at page 556 "the Juvenile Court's determination whether to waive its exclusive jurisdiction, so as to authorize a minor to be criminally prosecuted * * * is a critically important action determining vitally important statutory rights of the minor."

Therein the Supreme Court also ruled that counsel must be afforded in a proceeding involving the question of whether a minor should be subjected to a felony prosecution. As a practical matter, it appears to us that a record of such a proceeding is a necessary incident to the requirement of counsel because accountability is completely lost in the absence of either.

In the case of *In re Gault* (1967), 387 U. S. 1, the Supreme Court commented upon the desirability of providing a record of proceedings in Juvenile Court, and a perusal of the various opinions rendered in that case leads to the conclusion that a majority of the court was of the opinion that constitutional standards require a written record adequate to permit review on appeal.

The concurring opinion of Mr. Justice Harlan, which was much narrower in scope than the majority opinion, alludes specifically, at page 72, to the procedural requirements of due process as follows:

"* * * three procedural requirements should * * * now

be deemed required of state juvenile courts by the due process clause of the Fourteenth Amendment: first, timely notice must be provided to parents and children of the nature and terms of any juvenile court proceeding in which a determination affecting their rights or interests may be made; second, unequivocal and timely notice must be given that counsel may appear in any such proceeding in behalf of the child and its parents, and that in cases in which the child may be confined in an institution, counsel may, in circumstances of indigency, be appointed for them; and third, *the court must maintain a written record, or its equivalent, adequate to permit effective review on appeal or in collateral proceedings.*" (Emphasis ours.)

In the present case, a psychological evaluation was submitted, but this report alone lends no support to the order of the trial court waiving jurisdiction.

The record adequately shows indigency on the part of the defendant, and he was therefore entitled to a record of the proceeding for purposes of review.

Accordingly, we hold in specific response to the issue presented herein that an indigent juvenile offender is entitled to a record in a hearing conducted for the purpose of determining whether the Juvenile Court will waive jurisdiction and bind the offender over to the Court of Common Pleas for criminal prosecution.

The order of the trial court is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

SHERER and CRAWFORD, JJ., concur.