THE STATE OF OHIO, APPELLEE, *v.* GOMORI, APPELLANT.

(No. 4994—Decided April 13, 1971.)

*Mr. Vincent Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.

*Mr. Edward A. Cox,* for appellant.

LYNCH, J. On January 6, 1971, a motion was filed in this court on behalf of defendant by his court appointed counsel for an order requiring the preparation of a transcript of testimony at county expense. A similar motion had been denied by the trial court for the following reasons:

"Request for transcript, etc., must be made to Clerk not to Trial Judge. R. C. 2953.03 and 70 Ohio Law Abs. 396, syl. 3. There is nothing before Court to establish indigency of defendant."

This brief recital reveals some of the confusion in this case. The Clerk of the Mahoning County Common Pleas Court had already prepared a transcript of the docket and journal entries together with the original papers in this case. Therefore, it is obvious that defendant wanted a bill of exceptions provided at county expense.

The last paragraph of R. C. 2953.03 authorizes the judge of the trial court in a felony case to order a bill of exceptions and transcript, or either, at county expense for an indigent defendant. This part of R. C. 2953.03 was enacted subsequent to the decision of *Poppa* v. *Wanamaker*, 70 Ohio Law Abs. 396.

We hold that under the present provisions of R. C. 2953.03, the third paragraph of the syllabus of *Poppa* v. *Wanamaker, supra,* is inapplicable to an indigent defendant in a felony case, which is the situation in the instant case. The motion denied by the trial court was filed with the clerk of courts, and it requests an order of the trial court requiring the preparation of a transcript of testimony at state expense. We hold that this motion was in substantial compliance with R. C. 2953.03.

This court had appointed counsel for defendant after finding him to be indigent pursuant to R. C. 2941.50 prior to the action of the trial court denying defendant's motion for a bill of exceptions at county expense.

In *State* v. *Armstrong*, 18 Ohio App. 2d 249, this court reviewed the applicable law on the issue of providing a bill of exceptions to an indigent defendant in a criminal case. Our fifth paragraph of the syllabus in the *Armstrong* case is as follows:

"There is no statutory authority for the Court of Appeals to initially order a bill of exceptions for an indigent defendant; however, if a Court of Common Pleas denies an indigent defendant convicted of a felony his right to a bill of exceptions, the indigent defendant can appeal such order of the trial court to the Court of Appeals."

There has been no change in R. C. 2953.03 since the *Armstrong* case so that there is still no statutory authority for the Court of Appeals to initially order a bill of exceptions for an indigent defendant.

An indigent defendant in a criminal case has a constitutional right to a sufficient bill of exceptions at public expense so that he may be provided an adequate appellate review independent of R. C. 2953.03. *State* v. *Armstrong, supra.*

The following circumstances in this case raise a serious question as to whether the right to appeal from the overruling of an indigent defendant's motion for a bill of exceptions at county expense is an adequate remedy to satisfy his constitutional right to a sufficient bill of exceptions at public expense—a necessary element in that class of guarantees assuring a defendant an adequate appellate review.

On April 29, 1970, defendant was sentenced from one to seven years in the Ohio State Penitentiary for receiving stolen property prohibited by R. C. 2907.30, following a jury verdict of guilty. On the same day, defendant filed a notice of appeal along with a motion for a stay of execution and the setting of bond pending appeal. After a hearing, this court denied his motion for a stay of execution, and defendant has been in the Ohio State Penitentiary since April 30, 1970.

Defendant's retained counsel then informed this court that he had not been paid for his services in the trial court, and we sustained his motion to withdraw as counsel of record on June 3, 1970.

Defendant apparently was unaware of his pending appeal in this court and unsuccessfully filed a habeas corpus action in the United States Southern District Court for the Eastern Division; another habeas corpus action in Mar-

ion, Ohio, with the Court of Appeals of the third appellate district; and a petition to vacate and set aside his conviction and sentence pursuant to R. C. 2953.21, in the trial court. He also filed a tort action in the United States Northern District Court for the Eastern Division, Cleveland, Ohio, against the presiding judge of this court and members of the staff of the Mahoning County Prosecuting Attorney for $750,000.

On September 3, 1970, defendant filed in this court a motion for leave to proceed *in forma pauperis* and for the appointment of counsel to represent him on appeal, together with an affidavit of indigency. We sustained both motions.

Because of the difficulty of this case, this court contacted four additional attorneys, besides the original retained counsel, before attorney Edward A. Cox agreed to accept our appointment to represent defendant.

On May 14, 1970, defendant filed a motion on his own behalf for the production of records, including a bill of exceptions, at state expense, and the trial court sustained this motion on June 8, 1970.

On November 25, 1970, attorney Edward A. Cox filed a motion in common pleas court on behalf of defendant for an order which would provide defendant with a transcript of trial testimony at state expense.

On December 14, 1970, the trial judge vacated his June 8, 1970, order for the production of records because of the appointment of counsel for defendant by this court.

On January 12, 1971, the trial judge denied the November 25th motion for the allowance of the transcript on grounds of indigency for the reasons previously mentioned in this opinion.

In the abstract, our decision in the *Armstrong* case that "if a Court of Common Pleas denies an indigent defendant convicted of a felony his right to a bill of exceptions, the indigent defendant can appeal such order of the trial court to the Court of Appeals" sounds reasonable. Ordinarily, such a motion for a bill of exceptions at county expense is made by the indigent defendant shortly after his conviction, and the trial judge is the logical authority to

make the decision as to whether defendant is indigent pursuant to R. C. 2953.03 and as to which part of the trial proceedings should be included in the bill of exceptions, in order to properly present the errors claimed by defendant.

Furthermore, the denial of a motion by an indigent defendant for a bill of exceptions at county expense usually occurs subsequent to the filing of a notice of appeal. Therefore, there is some logic to the proposition that such denial is so independent of the notice of appeal on the verdict and judgment as to require a separate notice of appeal.

R. C. 2941.50 now authorizes the court of appeals to appoint counsel to represent an indigent defendant during the appeal proceedings. Pursuant to this statutory authority, this court found defendant to be indigent and appointed counsel to represent him. Our decision on the indigency of defendant also satisfies the only requirement necessary to invoke defendant's constitutional right to obtain a bill of exceptions at public expense. The issue of the indigency of defendant is *res judicata* to the trial court, and it now has no discretion when ruling on a motion by the indigent defendant for a bill of exceptions at county expense.

We hold that when a Court of Appeals, pursuant to R. C. 2941.50, finds a defendant in a criminal case to be indigent and appoints counsel to represent him on appeal, the issue of such indigency is *res judicata,* and the trial court has a duty to sustain a motion of the defendant for a sufficient bill of exceptions at county expense so that he may be provided an adequate appellate review as a matter of law.

We further hold that the overruling of defendant's motion for a bill of exceptions at county expense by the trial court was a denial of defendant's constitutional right to a sufficient bill of exceptions at county expense and was clearly erroneous.

The question, then, is whether this error can only be brought to our attention by a separate appeal from the overruling of such motion by the trial court, or whether it can be brought to our attention by a motion, as was done in the instant case.

The constitutional right of an indigent defendant to a

bill of exceptions at public expense is closely related to the constitutional right of an indigent defendant to be represented by counsel in an appeal of his conviction.

Where the appointed counsel for an indigent defendant on appeal did not represent the defendant at the trial, which is the situation in the instant case, such appointment is meaningless for an effective appeal unless the appointed counsel has a bill of exceptions to review. Under these circumstances, no matter how competent appointed counsel may be, an attorney can not adequately represent a defendant in the appeal of a criminal case without a bill of exceptions.

Because of the lack of a bill of exceptions, defendant's appointed counsel cannot file assignments of error or a brief for defendant, and we cannot hear his appeal. On the other hand, we cannot dismiss this appeal for failure to prosecute because of the indigency of defendant.

In the meanwhile, defendant has already served approximately ten months of his sentence in the Ohio Penitentiary. Any benefit of defendant's right to appeal decreases correspondingly with the length of time it takes to bring his appeal to a hearing. The motion before us in this case is here partly because of the pressure this court has exerted on defendant's appointed attorney to actively prosecute this appeal.

Another aspect of this case is the problem of appointing attorneys for indigent defendants in criminal cases such as this. As a matter of policy, this court endeavors to appoint attorneys with some experience in criminal law to represent indigent defendants on appeals from convictions for serious offenses. See *State* v. *Williams,* 19 Ohio App. 2d 234. The maximum fee for legal services for representing indigent defendants, set out by R. C. 2941.51 (B), has caused some problems in obtaining competent counsel in the more difficult cases. This happens to be one of the more difficult cases, and four attorneys declined to represent defendant in this appeal before attorney Edward A. Cox accepted an appointment. We feel that attorney Cox is doing both the defendant and this court a service in assum-

ing the responsibility of representing defendant. In turn, we feel that this court owes an obligation to our court appointed attorneys to cooperate with them in obtaining the tools necessary, such as a bill of exceptions, to prosecute an effective appeal. We feel that the merits of a case such as this presents enough problems to a court appointed attorney without requiring a time consuming procedure in order to obtain a bill of exceptions.

We conclude that a bill of exceptions is essential to the prosecution of defendant's appeal and the lack of such bill of exceptions directly affects the prosecution of such appeal. Under these circumstances, we hold that the denial of an indigent defendant's constitutional right to a bill of exceptions at public expense by a trial court is directly related to the prosecution of a pending appeal on the conviction of such defendant, and this error can be corrected in a court of appeals by a direct motion to the court of appeals in the pending appeal.

The motion of defendant is granted. It is the order of this court that defendant be provided a sufficient bill of exceptions so that he may present an adequate appellate review at county expense pursuant to R. C. 2953.03 and 2301.-24.

*Motion granted.*

O'NEILL, P. J., and JOHNSON, J., concur.