OPINION
{¶ 1} Robert Arment appeals from his conviction and sentence in the Montgomery County Common Pleas Court on one count of possession of crack cocaine in an amount less than one gram.
 {¶ 2} Arment advances three assignments of error on appeal. First, he contends that he received ineffective assistance of trial counsel. Second, he argues that he was denied his right to an unabridged transcript of the proceedings. Third, he asserts that prosecutorial misconduct deprived him of his right to a fair trial.
 {¶ 3} The present appeal stems from Arment's arrest for driving under the influence of alcohol and driving with a suspended license following a traffic stop for speeding. After Arment was taken to the police station, officer Jeff Turner observed him chewing a yellowish substance that the officer believed to be crack cocaine. Arment chewed and swallowed the substance despite Turner's instruction to spit it out. After Arment finished swallowing, he opened his mouth and Turner observed small chips of what appeared to be crack cocaine still inside his mouth. Arment subsequently was processed, released, and driven back to his apartment by officer William Carsner. Immediately after taking Arment home, Carsner inspected the back of his police cruiser, where Arment had been sitting, and found a yellowish substance on the seat. Officer Carsner took the substance to officer Turner, who conducted a field test and confirmed his suspicion that it was crack cocaine. The Montgomery County Crime Laboratory also conducted testing and determined that the substance found in the back of the police cruiser was crack cocaine.
 {¶ 4} Based on the foregoing events, Arment was charged with one count of possession of crack cocaine in an amount less than one gram, in violation of R.C. § 2925.11(A). The matter proceeded to trial before a jury, which found Arment guilty. The trial court sentenced him to five years of community control. Arment then filed a timely notice of appeal, advancing the three assignments of error set forth above.
 {¶ 5} In his first assignment of error, Arment argues that he received ineffective assistance of trial counsel. Such claims are assessed against the two-part test of Strickland v. Washington (1984),466 U.S. 668. As stated in State v. Madrigal, 87 Ohio St.3d 378,388-389, 2000-Ohio-448: "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding."
 {¶ 6} When evaluating an ineffective assistance of counsel claim, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, supra, at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Bradley (1989),42 Ohio St.3d 136, 142. A court must presume that numerous choices, perhaps even disastrous ones, are made on the basis of a tactical decision and do not constitute ineffective assistance of counsel. State v.Carpenter (1996), 116 Ohio App.3d 615, 626, citing Bradley, supra, at 144.
 {¶ 7} In this case, Arment first argues at length that defense counsel provided ineffective assistance by failing to object to officer Turner's identification of the substance in his mouth as crack cocaine. According to Arment, defense counsel should have objected to the lack of a foundation as to Turner's ability to identify crack cocaine by sight. Upon review, we find this argument to be unpersuasive. Turner testified early in his direct examination that he was familiar with crack cocaine and knew what it looked like. In light of this testimony, defense counsel reasonably may have made a tactical decision not to object to Turner's identification testimony in order not to emphasize his qualifications to the jury.
 {¶ 8} Arment next argues that his attorney provided ineffective assistance by asking officer Turner if he found "any more" drugs. This argument concerns the following exchange between defense counsel and Turner:
 {¶ 9} "Q: When you alleged you saw drugs in Mr. Arment's mouth, did you search him after that?
 {¶ 10} "A: Yes.
 {¶ 11} "Q: Did you find any more drugs on him?
 {¶ 12} "A: I did not.
 {¶ 13} "Q: So you didn't find any drugs on this person at all?
 {¶ 14} "A: When he was searched, no." (Trial transcript at 197).
 {¶ 15} According to Arment, defense counsel's reference to "any more drugs" reinforced the notion that the substance in his mouth was crack cocaine. Although this assertion is perhaps true, we note that defense counsel immediately preceded the remark by commenting on the "alleged" drugs found in Arment's mouth. In any event, even if defense counsel provided deficient representation insofar as he referred to "any more drugs," we find no prejudice to Arment. This isolated comment could not have had any impact on the outcome of the trial, particularly in light of the undisputed crack cocaine found on the seat of the police cruiser. Arment had no real explanation for the presence of the crack cocaine where he had been sitting, and officer Carsner testified that he had inspected the rear-seat area before transporting Arment home and immediately after dropping him off there. In addition, Carsner testified that no one other than Arment had been transported in the cruiser during his shift. (Trial transcript at 210, 220, 235-236). Given the stipulated presence of crack cocaine where Arment had been sitting,[1] and the absence of any plausible explanation for its presence other than that Arment had discarded it, defense counsel's isolated comment about "any more drugs" simply could not have been prejudicial within the meaning of Strickland.
 {¶ 16} Arment next argues that defense counsel provided ineffective assistance by failing to object when officer Carsner testified that the substance found on the rear seat of the police cruiser was "the same yellowish substance" that he had seen in the appellant's mouth. On appeal, Arment insists that Carsner was not qualified to identify the substance as crack cocaine. We note, however, that nowhere in the challenged testimony did Carsner do so. Instead, he indicated only that he had seen "the same yellowish substance" in Arment's mouth. We find nothing objectionable about this testimony.
 {¶ 17} Arment also points out the following exchange between defense counsel and officer Carsner:
 {¶ 18} "Q: And you said [Arment] opened his mouth and you believed it was crack cocaine?
 {¶ 19} "A: I didn't know at that point what it was." (Trial transcript at 248).
 {¶ 20} Arment contends that the foregoing question misstated Carsner's testimony on direct examination, and that the officer's response falsely implied that at some point he learned the identity of the substance. Upon review, we find no ineffective assistance of counsel as a result of the question or the answer. It is true that defense counsel misstated Carsner's prior testimony. On direct examination, Carsner never said that he believed the substance in Arment's mouth was crack cocaine. In fact, he admitted that it could have been candy for all he knew. (Id. at 230). Notably, however, in his answer to defense counsel's question, Carsner admitted that, at the time in question, he did not know the identity of the substance. As a result, defense counsel's question did not prejudice Arment, and we find no ineffective assistance of counsel.
 {¶ 21} We also find no merit in the argument that Carsner's answer falsely implied that, at some point, he discovered the identity of the substance and that defense counsel should have sought clarification to demonstrate otherwise. The record reflects that defense counsel did seek clarification of the implication. In fact, immediately after the question and answer cited by Arment, the transcript reflects the following exchange between defense counsel and officer Carsner:
 {¶ 22} "Q: And after that you said you found something in the back seat of the car and you said you believed that was crack cocaine based on what was in Mr. Arment's mouth?
 {¶ 23} "A: Correct.
 {¶ 24} "Q: Okay. What is your basis for saying that what was in his mouth was crack cocaine at that time?
 {¶ 25} "A: After speaking with Officer Turner.
 {¶ 26} "Q: Okay. Did Officer Turner ever test what was in Mr. Arment's mouth?
 {¶ 27} "A: No, he didn't.
 {¶ 28} "Q: Okay. So you just based [your opinion] on what Officer Turner said. What was in his mouth wasn't actually tested?
 {¶ 29} "A: That is correct." (Id. at 248-249) (emphasis added).
 {¶ 30} The foregoing testimony reveals that anything Carsner may have learned about the identity of the substance in Arment's mouth came from Turner. Notably, however, defense counsel highlighted the fact that Turner never tested the substance and only believed it to be crack cocaine. Consequently, we find no ineffective assistance of counsel based on the exchange between defense counsel and Carsner.
 {¶ 31} Arment also argues that defense counsel provided ineffective assistance by failing to object to the prosecutor's repeated allegation in closing argument that the substance in his mouth was crack cocaine. According to Arment, such argument was objectionable because the substance was never retrieved or tested. In addition, Arment contends defense counsel should have objected to the prosecutor's argument that he had drugs on his person and was not able to destroy all of the evidence.
 {¶ 32} Upon review, we are not persuaded by either of the foregoing assertions. Officer Turner testified that, based on his experience, the substance he saw in Arment's mouth was crack cocaine. The foregoing testimony supported the prosecutor's closing argument that Arment was chewing and swallowing crack cocaine. The lack of testing may have affected the weight of Turner's testimony, but the prosecutor properly made the argument that Arment had crack cocaine in his mouth. Likewise, the evidence supported the prosecutor's argument that Arment had drugs on his person and was unable to destroy all of the evidence. The argument that Arment had drugs on his person was supported by Turner's testimony that he was chewing and swallowing crack cocaine. The argument that Arment was unable to destroy all of the evidence was supported by Turner's and Carsner's testimony about the crack cocaine found in the back seat of the police cruiser. Given that this portion of the prosecutor's closing argument was proper, defense counsel did not provide ineffective assistance by failing to object to it.
 {¶ 33} Arment next alleges ineffective assistance of counsel based on his attorney's failure to object to the prosecutor's remark in closing argument that "[t]he [d]efense admits that the [d]efendant had something in his mouth. . . ." (Id. at 289). In response, the State recognizes that Arment actually did not admit to having something in his mouth. Rather, in closing argument defense counsel stated: "We know that if Mr. Armenthad something in his mouth during questioning by Officer Turner, Officer Turner cannot for sure state that it was crack cocaine." (Id. at 288) (emphasis added). Defense counsel appears to have been advancing this alternative argument in case the jury disbelieved Arment's testimony that he did not have anything in his mouth. Despite the misstatement by the prosecutor, we find no prejudice to Arment for the reasons set forth more fully above. In short, regardless of the evidence about Arment having crack cocaine in his mouth, the State provided essentially uncontroverted evidence that Arment left crack cocaine in the police cruiser. In light of this evidence, the prosecutor's erroneous statement in closing argument could not have prejudiced Arment within the meaning of Strickland.
 {¶ 34} Arment also alleges ineffective assistance of counsel based on his attorney's failure to object to the prosecutor's closing argument that the substance in his mouth was the same substance found in the police cruiser. Arment contends that this argument was improper because "it had never been established" that the two substances were the same. This argument lacks merit. As noted above, officer Turner testified, based on his experience, that the substance in Arment's mouth was crack cocaine, and the parties stipulated that the substance in the police cruiser was crack cocaine. As a result, we find nothing objectionable about this aspect of the prosecutor's closing argument.
 {¶ 35} Arment next contends that defense counsel was "generally ineffective." In support, he notes that defense counsel attempted to elicit testimony establishing that he and officer Turner had some prior contact with one another. According to Arment, such an inquiry invited the jury to speculate about the reason for the prior contact. Upon review, we find this argument to be unpersuasive. Defense counsel reasonably may have made a tactical decision to bring out the fact that Arment and Turner were acquainted with one another. Although we do not know why defense counsel wanted this information before the jury, evidence of prior contact between the men may have been intended to support an inference that Turner harbored some animosity toward Arment and, therefore, was not a credible witness. A review of the transcript reveals that the trial court itself recognized some purpose for defense counsel to elicit the information. At one point, the trial court remarked: "I know what you're trying to get at, but do it carefully." (Id. at 179). Given that defense counsel's attempt to establish a prior relationship between Arment and Turner could have been a tactical decision, we find no ineffective assistance of counsel.
 {¶ 36} Finally, Arment alleges that his attorney provided ineffective assistance by attempting to elicit from officer Turner an allegedly incriminating statement that he made while in custody. Although it does appear that defense counsel attempted to elicit such a statement, the trial court sustained an objection by the prosecutor. Therefore, even if defense counsel provided deficient representation by questioning Turner about the statement, the questioning did not prejudice Arment. As a result, we find no ineffective assistance of counsel and overrule Arment's first assignment of error.
 {¶ 37} In his second assignment of error, Arment contends he was denied his right to an unabridged transcript of the proceedings in the trial court. In support, he notes that his case "was tried in a courtroom that had replaced the court reporter with recording equipment that was apparently inadequate to cover the voir dire proceedings." As Arment points out, the voir dire transcript reflects a number of instances when the potential jurors' responses to questions were inaudible. In light of this fact, he contends that his due process and equal protection rights have been violated.
 {¶ 38} Upon review, we find this argument to be without merit. In support of his due process and equal protection argument, Arment citesState v. Armstrong (1969), 18 Ohio App.2d 249. That case stands for the proposition that an indigent defendant has a due process and equal protection right to a free transcript because "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money to buy transcripts." The Seventh District's ruling in Armstrong has no applicability herein, as Arment does not does not argue that the State deprived him of a transcript because he is indigent. To the contrary, Arment argues that he is entitled to a reversal of his conviction because the trial court's recording equipment resulted in an incomplete record.
 {¶ 39} It is well settled that when transcripts contain inaudible portions or omissions, a defendant must attempt to reconstruct the trial record on appeal, through App.R. 9(E) other otherwise, and demonstrate prejudice resulting from the incompleteness. State v. DePew (1988),38 Ohio St.3d 275, 278-279, rev'd in part on other grounds by DePew v.Anderson (6th Cir. 2002), 311 F.3d 742; State v. Palmer, 80 Ohio St.3d 543,554, 1997-Ohio-312; State v. Grant, 67 Ohio St.3d 465, 481,1993-Ohio-171; State v. Springhart (Oct. 11, 1991), Montgomery App. No. 12633. In the present case, Arment has not attempted to reconstruct the voir dire record. With regard to prejudice, he cites the prosecutor's questioning of three potential jurors. (Appellant's brief at 13-14). We note, however, that two of those individuals did not serve on the jury that voted to convict Arment. Defense counsel exercised a peremptory challenge to remove one of them, and the other individual was an alternate juror who was not needed. (Voir dire transcript at 93, 97).
 {¶ 40} Concerning the third individual, who did serve on the jury, Arment cites the following exchange in order to demonstrate the prejudice of an incomplete record:
 {¶ 41} "[Prosecutor] Ms. Hiett: A year ago? Anything-well, lemme ask ya' this. Did they prosecute the person who struck your husband?
 {¶ 42} "Ms. Morris: Yes.
 {¶ 43} "Ms. Hiett: Okay. Anything about that process that you feel will impact you either for the State or for the Defense?
 {¶ 44} "Ms. Morris: [No audible response].
 {¶ 45} "Ms. Hiett: Okay. You can be fair and impartial? All right. Okay. And you're gonna be covered at work for today and if it goes into tomorrow, depending on how everyone does this as far as their deliberating, you're-you're covered?
 {¶ 46} "Ms. Morris: [No audible response].
 {¶ 47} "Ms. Hiett: Okay. That's only-that's all the questions I have for you, Ma'am. Is there anything I haven't asked?
 {¶ 48} "Ms. Morris: [No audible response]." (Voir dire transcript at 43).
 {¶ 49} Having reviewed the foregoing exchange between the prosecutor and juror Morris, we conclude that Arment has failed to demonstrate any prejudice as a result of the inaudible responses. Given the lack of prejudice and Arment's failure to attempt to reconstruct the record, we overrule his second assignment of error.
 {¶ 50} In his third assignment of error, Arment asserts that prosecutorial misconduct deprived him of his right to a fair trial. In support, he merely cites the claims raised in his first assignment of error concerning the prosecutor's closing argument. Upon review, we find no prosecutorial misconduct. As explained in our analysis of the first assignment of error, the prosecutor's closing argument properly was based on the evidence and the State's theory of the case. The only improper remark identified by Arment was the prosecutor's statement that "[t]he [d]efense admits that the [d]efendant had something in his mouth. . . ." (Trial transcript at 289). Given defense counsel's failure to object to this comment, however, Arment has waived all but plain error. State v.Jones, 91 Ohio St.3d 335, 352, 2001-Ohio-57. For the same reasons that we found no prejudice to Arment as a result of the prosecutor's misstatement in our ineffective assistance of counsel analysis, we also find no plain error for purposes of Arment's prosecutorial misconduct claim. Accordingly, we overrule his third assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
WOLFF, J., and YOUNG, J., concur.
[1] The parties stipulated at trial that the substance found in the police cruiser was crack cocaine. (Trial transcript at 252).