THE STATE OF OHIO, APPELLEE, *v.* YOSS, APPELLANT.

[Cite as State v. Yoss, 10 Ohio App. 2d 47.]

(No. 336—Decided April 12, 1967.)

*Mr. Tom Richards,* prosecuting attorney, for appellee.
*Mr. William T. Allmon,* for appellant.

LYNCH, J. This cause comes on to be heard upon the motion of plaintiff, appellee herein, to dismiss the appeal and upon the merits of the case.

On July 1, 1966, an affidavit was filed in the Juvenile Court charging defendant, age sixteen, with being a delinquent child in that he killed Eula Ruth Yoss, contrary to Section 2901.01 of the Revised Code.

On July 2, 1966, a hearing was held in the Juvenile Court and defendant was committed to the Ohio Youth Commission under authority of Section 2151.26 of the Revised Code.

On September 8, 1966, the report of the Juvenile Diagnostic Center, Columbus, Ohio, was received and filed, and a hearing was set for September 10, 1966.

On September 10, 1966, defendant filed the following motion:

"Now comes William T. Allmon of the law firm of Allmon and Benson, attorneys for Donald R. Yoss, and moves that the court retain jurisdiction and that the defense be afforded the right to have an impartial and independent evaluation of the mental condition of the alleged delinquent and that the court after such evaluation set a hearing time for the presentment of information and/or evidence why the court should retain jurisdiction."

On September 10, 1966, the Juvenile Court overruled this motion, and defendant was ordered to appear before the Common Pleas Court.

The defendant, appellant herein, timely filed a notice of appeal from this order of the Juvenile Court, and the issue is whether the September 10, 1966, order of the Juvenile Court is a final order that can be appealed.

Section 2501.02 of the Revised Code, provides in part as follows:

"* * * In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court;

"* * * *"

The first paragraph of the syllabus in the case of *Cope* v. *Campbell*, 175 Ohio St. 475, states in part as follows:

"Proceedings in the Juvenile Court are civil in nature and not criminal. * * *."

The issue in this case involves a delinquent child, and whether this delinquent child shall be tried as a juvenile or as an adult under the provisions of 2151.26 of the Revised Code. The issue is one of jurisdiction of the Juvenile Court rather than one of a determination of guilt of a crime. We hold that the applicable statutes are Sections 2501.02 and 2505.02 of the Revised Code, rather than Section 2953.05 of the Revised Code.

The United States Supreme Court had before it the issue of the Juvenile Court entering an order waiving its exclusive

jurisdiction and authorizing the defendant to be criminally prosecuted in the District Court for the District of Columbia. *Kent v. United States,* 383 U. S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045. Mr. Justice Fortas delivered the opinion of the court in which he made the following statements:

(Page 556) "It is clear beyond dispute that the waiver of jurisdiction is a 'critically important' action determining vitally important statutory rights of the juvenile. * * *"

(Page 552) "We agree with the Court of Appeals that the statute contemplates that the Juvenile Court should have considerable latitude within which to determine whether it should retain jurisdiction over a child or—subject to the statutory delimitation—should waive jurisdiction. But this latitude is not complete. At the outset, it assumes procedural regularity sufficient in the particular circumstances to satisfy the basic requirements of due process and fairness, as well as compliance with the statutory requirement of a 'full investigation.' *Green v. United States,* 113 U. S. App. D. C. 348, 308 F. 2d 303 (1962). The statute gives the Juvenile Court a substantial degree of discretion as to the factual considerations to be evaluated, the weight to be given them and the conclusion to be reached. It does not confer upon the Juvenile Court a license for arbitrary procedure. The statute does not permit the Juvenile Court to determine in isolation and without the participation or any representation of the child the 'critically important' question whether a child will be deprived of the special protections and provisions of the Juvenile Court Act. *It does not authorize the Juvenile Court, in total disregard of a motion for hearing filed by counsel, and without any hearing or statement or reasons, to decide—as in this case—that the child will be taken from the Receiving Home for Children and transferred to jail along with adults, and that he will be exposed to the possibility of a death sentence instead of treatment for a maximum, in Kent's case, of five years, until he is 21.*

"We do not consider whether, on the merits, Kent should have been transferred; but there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons. It is inconceivable that a court of justice dealing with adults, with respect to a

similar issue, would proceed in this manner. It would be extraordinary if society's special concern for children, as reflected in the District of Columbia's Juvenile Court Act, permitted this procedure. We hold that it does not." (Emphasis ours.)

We hold that under authority of *Kent* v. *United States, supra,* the September 10, 1966, order of the Juvenile Court was a final order under Section 2505.02 of the Revised Code, and that the Juvenile Court was in error in overruling defendant's motion for a hearing at which additional evidence to that of the report of the Juvenile Diagnostic Center would be presented. Therefore, we reverse the September 10, 1966, order of the Juvenile Court and remand this cause to the Juvenile Court with instructions to have a hearing at which defendant will be permitted to present evidence on his behalf.

*Judgment reversed.*

JONES, P.J., and O'NEILL, J., concur.