In re James Eddie Lee Houston.

428 S.W.2d 303.

(*Jackson*, April Term, 1968.)

Opinion filed May 17, 1968.

Walter L. Bailey, Jr., Memphis, for plaintiff in error.

Arthur J. Shea, Assistant City Attorney, Memphis, for the City.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The sole question involved in this case is whether or not, a minor, seventeen years of age, may appeal to the Circuit Court of Shelby County from a judgment of the Juvenile Court of that county holding the plaintiff in error, having been charged with three counts of assault with intent to commit murder and disorderly conduct, should be remanded to the Criminal Court of Shelby County, Tennessee, to be tried as an adult in compliance with T.C.A. sec. 37-264. The trial judge held against the plaintiff in error and in favor of the City and dismissed the appeal because he was of the opinion that the order of a Juvenile Court waiving its rights to hear this case and remanding the juvenile to the Criminal Court was not a final order and was thus not appealable.

To this order of the Circuit Court, denying the right of an appeal, the juvenile excepted, prayed an appeal and assigned error to the order. The Legislature of Tennessee by Chapter 58 of the Public Acts of 1911 passed an act to ''define and regulate the treatment and control of * * * delinquent children''. This act was repealed and superseded by Chapter 177 of the Public Acts of 1955, and is now codified in the Supplement to the Code under Title 37, ''Juveniles'', beginning at T.C.A. sec. 37-242 et seq. The act in question now governs how a juvenile is dealt with in this State, and particularly one who is charged with a crime. Among other provisions in this act is T.C.A. sec. 37-264, which in part says:

''*Child held for prosecution and sentencing as adult —Authority of court.*—(1) The juvenile court after

full investigation and hearing may order a child held for prosecution and sentencing as an adult in the court which would have jurisdiction if the child were an adult when:

"(a). A child sixteen (16) years of age or over is alleged to have committed an act which would have been a felony if committed by an adult, and a finding is made by the juvenile court that the child is not feeble-minded or insane, is not reasonably susceptible to the corrective treatment in any available institution or facility within the state designed for the care and treatment of children or that the safety of the community requires the child to continue under restraint for a period extending beyond his twenty-first birthday."

In this case the Juvenile Court had a hearing, and, pursuant to the statute quoted above, waived jurisdiction and remanded the plaintiff in error to the Criminal Court of Shelby County to be tried as an adult. As said in the outset an appeal was prayed to the Circuit Court pursuant to T.C.A. sec. 37-273, which provides:

*"Juvenile Court as Court of Record—Appeal and review—Remand.*—The juvenile court shall be a court of record. When a juvenile court shall make any disposition of a child, either party dissatisfied with the judgment or order may appeal to the circuit court which shall hear the testimony of witnesses and try the case de novo. Said appeal shall be perfected within five (5) days thereafter, excluding Sundays. In its order the circuit court shall remand the case to the juvenile court for enforcement of the judgment entered by the circuit court.

"When an appeal is perfected the juvenile court shall cause the child and the record in the case, including a written finding of fact upon which the judgment of the juvenile court was based to be taken forthwith before the circuit judge whose duty it shall be, either in term time or in vacation time to set the case for an early hearing. Pending the hearing the circuit court shall have authority", etc. to keep in force the order of the juvenile court.

As said above, the trial judge herein felt under this act when the juvenile was sent pursuant to the statute (T.C.A. sec. 37-264) to the Criminal Court that this was not a final order in the case and thus there was no appeal from such an order. This Court under the 1911 act, which has been superseded by the present law, held that the determination of a Juvenile Court and its finding that an infant is incorrigible is a determination solely for the Juvenile Court and its finding is binding upon the Criminal Court and subject to review only by the Circuit Court on certiorari. *Wiggins v. State,* 154 Tenn. 83, 289 S.W. 498. The 1911 act though did not contain any provision for an appeal, and this being true this Court held that a case could only get into a court of record from the Juvenile Court by way of certiorari. In 1956 this question came before this Court in *Norrod v. State,* 201 Tenn. 577, 300 S.W.2d 926, wherein this Court speaking by the late Mr. Justice Tomlinson said:

"By Chapter 177 of the Acts of 1955, Section 37-273, Code Supplement, appeal from the judgment of a Juvenile Court is to the Circuit Court. That was the law prior thereto. Code Section 37-235, and *Doster v. State,* 195 Tenn. 535, 260 S.W.2d 279. The only difference was in the manner and time in getting in

Circuit Court. Hence, this Court does not have jurisdiction in the present status of this case. It must, therefore, dismiss the appeal in error, being without an alternative. *State v. Bockman,* 139 Tenn. 422, 427-428, 201 S.W. 741."

The cases referred to in the quotation last above have reference to different parts of the 1911 juvenile act.

In our investigation of the questions here involved we have found a very enlightening and well written article which covers the statute here in question in full and various other juvenile statutes and cases over the United States. The title to this article is "Problem of Age and Jurisdiction in the Juvenile Court", 19 Vanderbilt Law Review, page 833. The reading of this article is rather illuminating on questions here involved and others pertaining to the disposition of juveniles in related cases, and many questions not now before this Court are interestingly discussed in this article. The question of waiver of jurisdiction by the Juvenile Court to the Criminal Court is discussed at some length and the author says:

"The legal standard to be satisfied before there can be waiver and transfer under section 37-264 is different from the standard imposed by section 37-265. Under section 37-264, only 'incorrigible' children can be waived and transferred. 'Incorrigible' was also the standard required by the acts of 1911 and 1955. Apparently, however, the word 'incorrigible' was never defined in cases construing these acts. The 1959 amendments eliminated the word 'incorrigible' from the statute and instead used 'is not reasonably susceptible to * * * corrective treatment'. [This is the language

that is used in section 37-264 as subsequently amended by the 1965 Legislature.]

The author continues thus:

"This latter phrase appears to comply with the accepted definitions of incorrigible. In contrast, section 37-265 requires a finding of probable cause that the child has committed certain felonies before the juvenile court is deprived of jurisdiction. But neither section requires the finding of guilt."

Then the author goes on and discusses the question of whether or not the Criminal Court can refuse the waiver after the child has been sent to that court by the Juvenile Court, and he says this:

"Apparently the criminal court is bound by the juvenile court's decision since the Tennessee Supreme Court held under the 1911 Act that the criminal court was so bound. (See *Wiggins v. State,* supra). Finally, if the juvenile court waives its jurisdiction and remands, is the criminal court required to report its disposition of the child to the juvenile court? The Tennessee statutes do not require the criminal court to report and apparently they do not. However, the Commissioner of Correction is required to report to the committing court at least once a year on the progress of any child committed to the department of correction.

"The child, however, does have a statutory remedy to challenge the waiver. Section 37-273 provides that 'any disposition' of a child by the juvenile court may be appealed by 'either party' to the circuit court which shall hear the testimony of the witnesses and try the case de novo. This is a notable departure from the

statutory certiorari of the 1911 Act. Section 37-273 by implication also requires the juvenile judge to make a written finding of fact upon which his judgment was based. However, the finding of fact is apparently limited declaring the child 'incorrigible' or finding 'probable cause'.''

■ Thus we have this writer's interpretation of the language of the Code to the effect that unquestionably from the order of the Juvenile Court finding the child incorrigible, or the jurisdiction of the Juvenile Court waived over the child and the child transferred to the Criminal Court, the juvenile does have the right to an appeal. We think this language of the writer makes sense and we adopt it as the view of this Court when a Juvenile Court makes this determination under T.C.A. sec. 37-264 that the Juvenile Court's jurisdiction should be waived and the child transferred to the Criminal Court and a final order of the Juvenile Court is handed down to this effect, that from this final order the child has an appeal to the Circuit Court where the question shall be heard de novo and a determination made by the Circuit Judge and his findings on the question are to be made by him so that if the case is further appealed the question is of very little doubt. The case would go from the trial court to the Court of Appeals where the hearing would be de novo with a presumption of the correctness of the trial court's finding.

■ We hold that this order of the Juvenile Court after this hearing and its waiver to the Criminal Court was a final order as far as the Juvenile Court is concerned. The Supreme Court of Oregon in the *Matter of Little, etc.,* as reported in 241 Or. 557, 407 P.2d 627, certiorari denied by the Supreme Court of the United States, 385

U.S. 902, 87 S.Ct. 208, 17 L.Ed.2d 133, is absolutely on all fours with the question here presented. That court said this:

"On January 16, 1965, the juvenile court, following a three-day hearing held pursuant to ORS 419.533 remanded the defendant to the circuit court. The defendant appealed from the remand. The state moved to dismiss the appeal. The order of the remand, being a final order as far as the juvenile court is concerned, is appealable. ORS 419.561. We turn to the merit."

As far as we can find there has only been one case appealed since the present statute went into effect, that is, *Lokey v. Griffin,* 45 Tenn.App. 236, 322 S.W.2d 239. There were a number of questions involved in this reported case and some of them relate to the questions here involved. That court says that after reading T.C.A. sec. 37-273 it "was of the opinion that upon an appeal from the action of the Juvenile Court the Circuit Court was required to make an independent adjudication of the custody or disposition of said children and that it appeared to this court that His Honor the Trial Judge had failed to do so * * *." In other words, that court held that it was the duty of the Circuit Judge to make a finding in the case. We denied certiorari in this case, *Lokey v. Griffin,* supra, because we felt that the conclusions reached and the reasoning for them were correct. That court among other things said, insofar as it affects related questions now before us, that:

"The effect of this act of the Legislature is to vest in the State of Tennessee as parens patriae a right to the custody of said children superior to the right of either parent. * * *

· "Under the provisions of Section 37-273 any order of the Juvenile Court making disposition of a child is subject to a review by an appeal to the Circuit Court where a trial is to be had de novo. This was done in the present case."

Lastly, we come to *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, wherein among other things it was held that the Juvenile Court was not authorized to waive jurisdiction over a minor without a hearing and the minor was entitled to effective assistance of counsel and after the hearing and the waiver of jurisdiction of the child from the Juvenile Court to the Criminal Court or the Circuit Court in that instance that the child must have a statement of reasons for it. This decision was not given retroactive effect. Many things are said in relation to a similar act with that involved in the present case, and we quote at length from this opinion because we feel that it is absolutely applicable to our determination of these questions when a juvenile is involved. That court said very aptly that whether or not a Juvenile Court should waive its jurisdiction over a child was not that the court had a license for an arbitrary procedure in doing so but that the court should have considerable latitude to determine the question of whether or not the child should be thus treated.

The court further said:

"We do not consider whether, on the merits, Kent should have been transferred; but there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons * * *

"The theory of the District's Juvenile Court Act, like that of other jurisdictions, is rooted in social welfare philosophy rather than in *corpus juris*. Its proceedings are designated as civil rather than criminal. The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is *parens patriae* rather than prosecuting attorney and judge. But the admonition to function in a 'parental' relationship is not an invitation to procedural arbitrariness * * *

"It is clear beyond dispute that the waiver of jurisdiction is a 'critically important' action determining vitally important statutory rights of the juvenile. The Court of Appeals for the District of Columbia has so held. See *Black v. United States,* supra [122 U.S.App. D.C. 393, 355 F.2d 104]; *Watkins v. United States,* 119 U.S.App.D.C. 409, 343 F.2d 278 (1964). The statutory scheme makes this plain. The Juvenile Court is vested with 'original and exclusive jurisdiction' of the child. This jurisdiction confers special rights and immunities. He is, as specified by the statute, shielded from publicity. He may be confined, but with rare exceptions he may not be jailed along with adults. He may be detained, but only until he is 21 years of age. The court is admonished by the statute to give preference to retaining the child in the custody of his parents 'unless his welfare and the safety and protection of the public can be adequately safeguarded without * * * removal.' The child is protected against consequences

of adult conviction such as the loss of civil rights, the use of, adjudication against him in subsequent proceedings, and disqualification for public employment.''

It is further said:

''The net, therefore, is that petitioner—then a boy of 16—was by statute entitled to certain procedures and benefits as a consequence of his statutory right to the 'exclusive' jurisdiction of a Juvenile Court. In these circumstances, considering particularly that decision as to waiver of jurisdiction and transfer the matter to the District Court was potentially as important to petitioner as the difference between five years' confinement and a death sentence, we conclude that, as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision. We believe that this result is required by the statute read in the context of the constitutional principles relating to due process and the assistance of counsel.''

We have quoted these things as excellent guidelines for trial courts to follow in the adjudication of juvenile rights. The adjudication of waiver, that is a transfer from the Juvenile Court to the Criminal Court, is indeed a very serious proposition because it contemplates criminal sanctions.

After having given the matter full consideration and making an independent investigation along with the excellent briefs filed herein, we are of the opinion that the

juvenile under such conditions is entitled to an appeal and is entitled to have his appeal heard de novo to determine the questions here involved.

The case is reversed and remanded to the Circuit Court for a hearing in line with what is said herein.