489 P.2d 24

Maureen GRAHAM, next friend of Lisa Marie Razer, a minor, Petitioner,

v.

Warren C. RIDGE, Judge of the Superior Court, Maricopa County, sitting as Juvenile Judge, Respondent.

No. 10403.

Supreme Court of Arizona, In Banc.

Sept. 27, 1971.

Amelia D. Lewis, Sun City and John D. Roeder, Phoenix, for petitioner.

Richard A. Rice, Scottsdale, for respondent.

CAMERON, Justice.

This is a special action to test the decision of the Juvenile Court of Maricopa County in waiving the jurisdiction of the Juvenile Court as to petitioner, a 16 year old girl, which waiver allows her to stand trial as an adult. § 8–202 A.R.S., § 8–222 A.R.S., and the Arizona Constitution, Art. 6, § 15 A.R.S. This court accepted jurisdiction and requested that additional memoranda be filed by the respondent and the petitioner.

The petitioner claims that the Juvenile court erred in failing to require that there be a court reporter present at the adjudication and transfer hearing. The record before this court indicates that the petitioner was represented by counsel at the transfer

388

hearing and that the reporter was not requested by the defendant. Petitioner also alleges that the Juvenile Court committed other errors in the adjudication of the matter.

We do not need to answer these questions because we have come to the conclusion that there is an adequate remedy by way of appeal and, therefore, the writ should be quashed.

In 1970, the Arizona legislature enacted § 8–236 A.R.S. which reads in part as follows:

"§ 8–236. Appeals

"A. Any aggrieved party may appeal from a final order of the juvenile court to the court of appeals in the same manner as any other appeal from the superior court except the name of the child shall not appear in the record of the appeal, the juvenile court record number assigned to the case substituting therefor.

"B. The order of the juvenile court shall not be suspended or the execution thereof stayed pending the appeal except the appellate court may, by order, suspend or stay the execution thereof provided suitable provision is made for the care and custody of the child.

"C. The court of appeals shall give the appeal precedence over all other actions except extraordinary writs or special actions."

This statute allows an appeal if the order of the Juvenile Court is final. Before the Court of Appeals or this court may suspend or stay the execution of the order it must make suitable provision for the care and custody of the child. Obviously, the legislature did not contemplate a stay except in the most extraordinary circumstances.

We have no hesitancy in stating that the order of the court in this case transferring the matter to the Maricopa County Superior Court and waiving the jurisdiction of the Juvenile Court over the petitioner is a "final order of the juvenile court" within the meaning of § 8–236 A.R.S. and that an appeal from this order to the Court of Appeals would be proper.

The State Bar Committee note to Rule 3 of the Rules of Procedure for Special Actions, 17 A.R.S. contains the following statement:

"The special action requests extraordinary relief, and acceptance of jurisdiction of a special action is highly discretionary with the court to which the application is made. A plaintiff, in addition to the showing required in all lawsuits that he has standing and that the matter is subject to judicial review, must always carry the burden of persuasion as to discretionary factors."

Part of the petitioner's burden of persuasion is to show that no other remedy is adequate. We believe that the petitioner in this case has an adequate remedy by appeal and therefore the special action was improperly issued.

It is ordered that with the filing of the mandate herein, the writ of special action heretofore granted is quashed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.