519 P.2d 133

**In the Matter of John DOE II, children, Appellants.**

No. 1145.

Court of Appeals of New Mexico.

Jan. 30, 1974.

Lorenzo E. Tapia, Miguel P. Campos, Marc Prelo, Jr., Albert & Prelo, Albuquerque, for appellants.

David L. Norvell, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

LOPEZ, Judge.

Petitions concerning two male children were filed in the Children's Court of Bernalillo County. They complained of alleged acts of rape. Upon motion of the children's court attorney, an order was entered transferring the matter to the district court for criminal prosecution pursuant to § 13–14–27, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973). It is from this order that the children appeal, alleging the following point for reversal: that they were denied statutory and constitutional rights to a full evidentiary hearing on the transfer issue.

The State argues that the transfer order is not appealable. The majority of jurisdictions allow direct appeals from orders transferring juvenile matters for criminal proceedings. See P. H. v. State, 504 P.2d 837 (Alaska 1972); Graham v. Ridge, 107 Ariz. 387, 489 P.2d 24 (1971); Agnew v. Superior Court, 118 Cal.App.2d 230, 257 P.2d 661 (1953); In re Doe I, 50 Hawaii 537, 444 P.2d 459 (1968); Templeton v. State, 202 Kan. 89, 447 P.2d 158 (1968); Aye v. State, 17 Md.App. 32, 299 A.2d 513 (1973); State v. Loray, 46 N.J. 179, 215 A.2d 539 (1965); State v. Yoss, 10 Ohio App.2d 47, 225 N.E.2d 275 (1967); State v. Little, 241 Or. 557, 407 P.2d 627 (1965), cert. denied, 385 U.S. 902, 87 S.Ct. 208, 17 L.Ed.2d 133 (1966); In re Houston, 221 Tenn. 528, 428 S.W.2d 303 (1968); Dillard v. State, 477 S.W.2d 547 (Tex.Cr.App. 1971); see also Guenther v. State, 279 Ala. 596, 188 So.2d 594 (1966); B. P. W. v. State, 214 So.2d 365 (Fla.App.1968); J. E. v. State, 127 Ga.App. 589, 194 S.E.2d 288 (1972); State v. Gibbs, 94 Idaho 908, 500 P.2d 209 (1972); Atkins v. State, Ind., 290 N.E.2d 441 (1972); Lewis v. State, 86 Nev. 889, 478 P.2d 168 (1970); Knott v. Langlois, 102 R.I. 517, 231 A.2d 767 (1967); contra, Kent v. Reid, 114 U.S. App.D.C. 330, 316 F.2d 331 (1963); People v. Jiles, 43 Ill.2d 145, 251 N.E.2d 529 (1969); In re T. J. H., 479 S.W.2d 433 (Mo.1972); Commonwealth v. Owens, 435 Pa. 96, 254 A.2d 639 (1969).

Two of the cases cited as representing the minority view can be distinguished on the grounds that the statutes involved required the result reached. *Kent,* upon which the State strongly relies, was distinguished on such grounds in In Re Doe I, supra. The court in *Jiles* acknowledged that the Illinois statute was "unique." Our statute broadly allows review "in the manner provided by law", of any "judgment" of the children's court. Section 13–14–36, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973).

The State relies on Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968) for the proposition, " * * * that defects in the transfer hearing may be waived." Waiver is not involved in the instant case and will not be discussed.

■ The State finally argues that the statute can be read in such a way that a transfer order cannot be considered an appealable judgment. However, these arguments do no more than raise a doubt in our minds as to the appealability of the order. Doubtful constructions are to be resolved by reference to the intention of the legislature. State ex rel. Sanchez v. Reese, 79 N.M. 624, 447 P.2d 504 (1968); State v. Ortega, 77 N.M. 312, 422 P.2d 353 (1966).

■ In the Children's Code the legislature developed a number of protections for juveniles which would be finally and irreparably lost if we were to delay review of the transfer order until after a criminal conviction, as the State suggests. The Children's Code contains certain requirements relating to pre-adjudication detention. Sections 13–14–22 through 13–14–24, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973). For example, the requirement that children be incarcerated separate and apart from adult criminals could be lost upon the entry of an erroneous transfer order. The child would also lose his basic right not to be fingerprinted or photographed without a court order. See § 13–14–25(D), N.M.S.A.1953 (Repl.Vol. 3, Supp.1973). Upon the entry of the transfer order, a child would presumably obtain an arrest record, despite the fact that children's court pro-

ceedings are non-criminal in nature. See § 13–14–30, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973). Finally, any safeguards against publicity would be lost once the proceedings are transferred to the district court and become a matter of public record. See §§ 13–14–28(B) and 13–14–42, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973). If an improvident transfer order is entered, these important statutory rights and protections could be needlessly and irreparably lost. Such a result would be contrary to the intention of the legislature as expressed in § 13–14–2, N.M.S.A.1953 (Repl. Vol. 3, Supp.1973), as follows:

"The Children's Code * * * shall be interpreted and construed to effectuate the following expressed legislative purposes:

"A. to preserve the unity of the family whenever possible and to provide for the care, protection and wholesome mental and physical development of children coming within the provisions of the Children's Code;

"B. consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefor a program of supervision, care and rehabilitation;

" * * *

"E. to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced."

■ On the merits the State frankly concedes that the children were by statute entitled to a hearing and denied the opportunity to present evidence. The State does argue that because of the convincing nature of the evidence it introduced, the children were not prejudiced by the court's denial of an opportunity to be heard. We disagree. Our adversary system is grounded on the principle that both sides are entitled to be heard. Failure to hear one par-

ty's evidence, when offered, establishes a presumption of prejudice. See Geer v. Stathopulos, 135 Colo. 146, 309 P.2d 606 (1957).

Since we vacate the judgment of the children's court on the statutory grounds of failure to grant a full evidentiary hearing, we need not discuss the children's constitutional and evidentiary contentions.

The Clerk of the Court of Appeals is directed to delete the children's names from all records in this court and substitute "John Doe II." See § 13–14–36, supra; In re Doe, 85 N.M. 691, 516 P.2d 201 (Ct. App.1973).

The judgment of the children's court is vacated and the children are remanded to the jurisdiction of the court for a hearing and disposition consistent with this opinion.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.

Lopez, J., specially concurred and filed statement.