727 P.2d 86

**STATE of New Mexico, Petitioner-Appellee,**

v.

**GREG R., a Child, Respondent-Appellant.**

**No. 9451.**

Court of Appeals of New Mexico.

Sept. 18, 1986.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Appellate Defender, Santa Fe, for respondent-appellant.

Paul G. Bardacke, Atty. Gen., Tony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

## OPINION

BIVINS, Judge.

Respondent appeals from an order of the children's court transferring him to the district court to be tried as an adult for the crimes of murder, armed robbery and conspiracy. *See* NMSA 1978, §§ 32–1–30 and –39 (Repl.1986). In his docketing statement, respondent claimed abuse of discretion in transferring him for trial as an adult on the basis that the state's expert witness was not qualified.

 Summary affirmance was proposed for the reasons stated in our calendaring notice. Respondent filed a timely memorandum in opposition to affirmance, and while continuing to contest summary disposition, he provides no reasons why the summary disposition should not be made. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(d)(3) (Repl.Pamp.1983). Accordingly, for the reasons stated in the calendaring notice, the transfer order is affirmed and the case is remanded to the district court for trial.

During the pendency of the appeal, respondent applied to this court for a stay of further district court proceedings. Respondent made this application because the state, following transfer, had proceeded to secure a grand jury indictment and to have respondent arraigned, notwithstanding the appeal. Following a hearing, this court entered an order determining that the district court lacked jurisdiction pending issuance of a mandate by this court and, therefore, the application for stay was moot. Because of the nature of the issue raised and the likelihood of it recurring, we take this opportunity to set forth our ruling and to modify its rationale.

On the day scheduled for respondent's arraignment in district court as an adult, respondent filed a motion for stay of proceedings and for an order vacating the arraignment. The motion was based on the appeal taken from the transfer order and claimed that, as a result of the appeal, sole jurisdiction rested in the court of appeals. According to the application filed in this court and statements of counsel at oral argument, the district court denied the motion for stay, ruling that absent a formal order from the court of appeals staying further proceedings, the district court had continuing jurisdiction to arraign respondent, entertain motions and proceed to tri-

al, notwithstanding the appeal. The district court then proceeded with the arraignment, and respondent applied to this court for a stay.

In so ruling, the district court undoubtedly relied on Section 32–1–39(B) which provides that "[t]he appeal to the court of appeals does not stay the judgment appealed from, but the court of appeals may order a stay upon application and hearing * * *." NMSA 1978, Child.Ct. Rule 18 (Repl.Pamp.1982) sets forth the procedure for making application for stay pending appeal.

At the hearing on the application, the parties argued the effect respondent's appeal had on Section 32–1–30(B), which provides:

> The transfer terminates the jurisdiction of the [children's] court over the child with respect to delinquent acts alleged in the petition. No child shall be prosecuted in the district court for a criminal offense originally subject to the jurisdiction of the children's court unless the case has been transferred as provided in this section.

From the various contentions arises the question of whether the notice of appeal interrupts and prevents the district court acquiring jurisdiction until the validity of the transfer has been resolved on appeal, or whether, by reason of the statute, the district court acquires jurisdiction which is then suspended pending the appeal.

■ While our ruling assumed the district court acquired jurisdiction by the transfer, which jurisdiction was then suspended by the appeal, on further reflection, and without changing the effect of our order, we now simply hold that, absent unusual circumstances, a stay should be granted in appeals from transfer orders. § 32–1–39(B). The question before this court is whether a stay should be granted from a transfer order, not which division of the lower court had jurisdiction.

■ *In re Doe II*, 86 N.M. 37, 519 P.2d 133 (Ct.App.1974), holds that a transfer order is appealable. Once the child appeals from a transfer, we see no reason for the state to proceed with criminal prosecution of the child as an adult, as was done here, until the validity of the transfer has been determined. We believe this result furthers not only the purpose of the Children's Code but also judicial economy. If the transfer were overturned, the child would have been unnecessarily subjected to criminal prosecution as an adult, and the district court would have expended its resources for naught.

We, therefore, grant respondent's application for stay.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.