## Richmond

WILLIAM CHRISTOPHER HAIRFIELD

v.

COMMONWEALTH OF VIRGINIA

No. 1397-86-2

Decided February 7, 1989

COUNSEL

Peter W. D. Wright (Michelle J. Hathcock; Wright and Associates, on briefs), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BENTON, J.—William Christopher Hairfield was convicted and sentenced to twenty years in the state penitentiary for burglary and to twenty years, which the judge suspended, for grand larceny. In this appeal Hairfield contends that the circuit judge erred in (1) finding him not amenable to treatment as a juvenile; (2) failing to follow the statutory procedure for transfer of accused

juveniles; (3) denying his motion for a mistrial based upon a communication between the circuit judge and the probation officer in the absence of Hairfield or his counsel; (4) basing his sentence on an offense that he had not been charged with; and (5) sentencing him to a term disproportionate to the offense. Because we conclude that the statutory transfer procedures were not observed, we vacate the conviction orders of the circuit court and remand the case to the circuit court with instructions to remand the matter to the juvenile court.

▪ Hairfield was fifteen years old at the time these offenses occurred. Code § 16.1-269(A) permits a juvenile court to transfer a juvenile to a circuit court for trial as an adult, provided the child is fifteen or more years of age at the time of the commission of the alleged offense. In order to effectuate a transfer at the time these proceedings occurred, the statute required the juvenile court judge to find:

a. There is probable cause to believe that the child committed the delinquent act alleged;

b. The child is not in the opinion of the court amenable to treatment or rehabilitation as a juvenile through available facilities, considering the nature of the present offense or such factors as the nature of the child's prior delinquency record, the nature of past treatment efforts and the nature of the child's response to past treatment efforts; provided, however, when the alleged delinquent act is armed robbery, rape as provided in § 18.2-61 or murder, or when the child has previously been tried as an adult and convicted of a felony and is presently alleged to have committed an act which would be a felony if committed by an adult, the court may certify the child without making the finding required by this subparagraph b;

c. The child is not mentally retarded or criminally insane; and

d. The interests of the community require that the child be placed under legal restraint or discipline.

Code § 16.1-269(A)(3).[1] At the conclusion of a hearing held pursuant to Code § 16.1-269, the juvenile court judge transferred

---

[1] The 1988 amendments to Code § 16.1-269(A)(3) are not relevant to deciding the issue presented in this appeal and, thus, are not detailed in this opinion.

Hairfield to the circuit court for trial as an adult. The transfer order, however, failed to indicate that the juvenile court judge made the findings required by Code § 16.1-269(A)(3)(b), (c) and (d). The appropriate boxes on the form order were not checked. The findings required by the transfer statute are jurisdictional. *Matthews v. Commonwealth*, 216 Va. 358, 361, 218 S.E.2d 538, 541 (1975). If these findings are not made, the transfer order of the juvenile court is void and the circuit court is without jurisdiction to try the juvenile as an adult. *Id.*; *Peyton v. French*, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966); *see also United States v. Blevins*, 802 F.2d 768, 770 (4th Cir. 1986). Consequently, we hold that the juvenile court order transferring Hairfield to the circuit court for trial as an adult was void.

Although the transfer order failed to indicate that the juvenile court judge made the required findings, at the conclusion of the evidence and prior to imposition of the sentence in Hairfield's criminal trial at the circuit court level, the circuit court judge made the following statements:

Well it's the Court's opinion that Mr. Hairfield is not amenable to treatment or rehabilitation as a juvenile. For purposes of the record, I also rule that he's not mentally retarded or criminally insane. I also rule that the interests of the community require that he be placed under legal restraint and discipline and I've already ruled there's probable cause to believe he's committed the act. I've heard all the evidence concerning the Commonwealth's position on that. I think that at this time I make a finding that, as an adult, he's guilty as charged in the indictments and I so find him.

All the objections and exceptions are noted for the record.

Now he's entitled as a — even though we've had a transfer hearing and have several reports, he's entitled to a presentence report. Do you desire to have one . . .?

We need not decide whether the circuit judge's findings, made upon *de novo* review of the transfer order, excuse the failure of juvenile court to make findings required by Code § 16.1-269, because the record reflects that Hairfield's *de novo* appeal of the juvenile transfer order was not otherwise processed in accordance with the statute.

Hairfield filed a notice of appeal from the juvenile court's transfer decision. He also filed a motion in circuit court to exclude the first page of the transfer report and to replace that page with a corrected version that would delete all non-criminal, non-delinquent charges. The motion stated that the inclusion of these charges made Hairfield's delinquency record appear to be more extensive than it was, and that this inclusion was a direct cause of the juvenile court's transfer to circuit court. The circuit court granted this motion and set a hearing date to conduct a trial on the merits and to determine *at the conclusion of the trial* whether Hairfield should be treated as a juvenile or as an adult.

On the day of the hearing, Hairfield was arraigned but did not enter a plea because his counsel contended, as he had previously done, that the proceeding should have been solely an appeal of the order granting a transfer and not a trial on the merits. The circuit judge ordered the clerk to enter a plea of not guilty and proceeded with the trial. In opening argument, the prosecutor outlined the evidence he would present to show, first, that Hairfield had committed the offenses charged and, second, that Hairfield should be treated as an adult. In regard to the second issue, the prosecutor specifically outlined the contents of the probation officer's transfer report. After the prosecutor's opening statement, Hairfield's counsel made a motion to dismiss and in the alternative a motion for a mistrial. Counsel argued that Code § 16.1-269(C) expressly forbade any consideration of the transfer report until after the court (1) found probable cause to believe the juvenile had committed the offense and (2) heard evidence as to whether the child should be tried as a child or as an adult. Defense counsel asserted that the prosecutor's opening statement, which outlined the contents of the transfer report, caused the court to consider the report before making these findings, in violation of the statutory provisions of Code § 16.1-269(C). The court overruled this motion and proceeded to hear evidence of the criminal offense.

When the Commonwealth rested its case, Hairfield's counsel moved to strike the evidence, stating that the Commonwealth had failed to produce any evidence showing that Hairfield was not amenable to treatment as a juvenile. The prosecutor moved to enter the transfer report into evidence. Hairfield's counsel further argued that the report could not be entered into evidence until the Commonwealth had produced independent evidence indicating

that Hairfield was not amenable to treatment as a juvenile. The circuit judge ruled that the Commonwealth had established a prima facie case and overruled defense counsel's motion to strike.

Hairfield's counsel then called Walter H. Kenny, the probation officer, as a witness. Kenny testified that his report stated that Hairfield was amenable to treatment by the juvenile court system and that he felt Hairfield needed to be in a program that offered psychotherapy. At the conclusion of Kenny's testimony, the circuit judge found that Hairfield was not amenable to treatment as a juvenile, made all other findings specified in Code § 16.1-269(A)(3), and found Hairfield guilty as charged in all indictments.

Stating, "I submit that we've had the appeal, the court has ruled on the appeal, made a finding that he's not subject to treatment as a juvenile; therefore, the next phase then becomes, in fact the actual circuit court case." Hairfield's counsel then made a motion pursuant Code § 16.1-269(D) for an adjudicatory hearing with a different judge. The circuit judge denied the motion and reiterated his earlier ruling that the proper procedure was to have the evidentiary and adjudicatory hearing combined. At the Commonwealth's request, the court then ordered a presentence report.

The Commonwealth contends on this appeal that Hairfield had no right to appeal the juvenile court's decision transferring his case to the circuit court. The Commonwealth argues that a transfer order is not final, but interlocutory in nature, because the juvenile court makes no adjudication of innocence or guilt. The Commonwealth further argues that because there was no conviction under the provisions of Code § 16.1-132, Hairfield had no right to appeal.

We do not agree with the Commonwealth's assessment of the nature of a transfer order. "[A] decree which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court, is only to be regarded as final. On the other hand, every decree which leaves anything in the cause to be done by the court, is interlocutory as between the parties remaining in court." *Southwest Virginia Hospitals, Inc. v. Lipps*, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)(citations omitted); *Dearing v. Walter*, 175 Va. 555, 561, 9 S.E.2d 336, 338 (1940). The transfer order is final because it ends the jurisdiction of the

juvenile court and "leaves nothing to be done by the court."[2] Furthermore, if we were to consider such an order interlocutory and delay review until after a criminal conviction, the legislative intent expressed in Code § 16.1-227 "that in all [juvenile] proceedings the welfare of the child . . . is the paramount concern of the Commonwealth," would be thwarted. Under Code § 16.1-249(B)(1), a juvenile who has been transferred to the jurisdiction of the circuit court loses the right to be detained separate from adult offenders. Under Code § 16.1-301, court records of a juvenile transferred to circuit court are no longer shielded from public inspection. If the decision to waive juvenile jurisdiction were not immediately appealable, these legislative protections afforded children under the juvenile justice system once lost, would be irretrievable.

◼ We further conclude that the Commonwealth's argument that there must be a conviction pursuant to Code § 16.1-132

---

[2] A majority of jurisdictions allow a juvenile to appeal a juvenile court's waiver of jurisdiction immediately. *See* Rule 28(A)(2)(a), Ala. R. Juv. P.; *P.H. v. State*, 504 P.2d 837 (Alaska 1972); Ark. Stat. Ann. § 9-27-359(1987); *Graham v. Ridge*, 107 Ariz. 387, 489 P.2d 24 (1971); *People v. Allgood*, 54 Cal. App. 3d 434, 126 Cal. Rptr. 666 (1976); Conn. Gen. Stat. § 46(b)-126(a) (1958); *Fulton County Department of Family & Children Services v. Perkins*, 244 Ga. 237, 259 S.E.2d 427 (1978); *State v. Tipton*, 99 Idaho 670, 587 P.2d 305 (1978); *State v. Everfield*, 342 So. 2d 648 (La. 1977); Me. Rev. Stat. Ann. tit. 15, § 3402 (1964); *Aye v. State*, 17 Md. App. 32, 299 A.2d 513 (1973); *In re Welfare of I.Q.S.*, 309 Minn. 78, 244 N.W.2d 30 (1976); Miss. Code Ann. § 43-21-157 (1972 & Supp. 1988); *In re N.C.F.*, 197 Mont. 390, 643 P.2d 236 (1982); Nev. Rev. Stat. § 62.080 (1987); *In re Vernon E.*, 121 N.H. 836, 435 A.2d 833 (1981); *State v. Loray*, 46 N.J. 179, 215 A.2d 539 (1965); *In re Doe*, 86 N.M. 37, 519 P.2d 133 (1974); *In re Bunn*, 34 N.C. App. 614, 239 S.E.2d 483 (1977); *In re P.W.N.*, 301 N.W.2d 636 (N.D. 1981); Okla. Stat. Ann. tit. 10, § 1112(e)(West 1987 & Supp. 1989); *State v. Little*, 241 Or. 557, 407 P.2d 627 (1965), *cert. denied*, 385 U.S. 902 (1966); *People in Interest of D.M.L.*, 254 N.W.2d 457 (S.D. 1977); *In re Houston*, 221 Tenn. 528, 428 S.W.2d 303 (1968); *Dillard v. State*, 439 S.W.2d 460 (Tex. Civ. App. 1969); *State ex rel Salas*, 520 P.2d 874 (Utah 1978); W. Va. Code § 49-5-10(f)(1986); *D.H. v. State*, 76 Wis. 2d 286, 251 N.W.2d 196 (1977).

Many jurisdictions have specifically stated that a juvenile court's waiver of jurisdiction is a final order. *See* Ala. Rule 28 (A)(2)(a), R. Juv. P. 28 (A)(2)(a); *P.H. v. State*, 504 P.2d 837 (Alaska 1972); *Graham v. Ridge*, 107 Ariz. 387, 489 P.2d 24 (1971); Conn. Gen. Stat. § 46(b)-126(a) (1958) *Fulton County Department of Family & Children Services v. Perkins*, 244 Ga. 237, 259 S.E.2d 427 (1978); *State v. Tipton*, 99 Idaho 670, 587 P.2d 305 (1978); *Aye v. State*, 17 Md. App. 32, 299 A.2d 513 (1973); *In re Welfare of I.Q.S.*, 309 Minn. 78, 244 N.W.2d 30 (1976); *In re Doe*, 86 N.M. 37, 519 P.2d 133 (1974) Okla. Stat. Ann. tit. 10, § 1112(e)(West 1987 & Supp. 1989); *State v. Little*, 241 Or. 557, 407 P.2d 627 (1965), *cert. denied*, 385 U.S. 902 (1966); *In re Houston*, 221 Tenn. 528, 428 S.W.2d 303 (1968); *State ex rel Salas*, 520 P.2d 874 (Utah 1974).

before a juvenile has the right to appeal a transfer order is without merit. Code § 16.1-296 states that an appeal may be taken "[f]rom any final order . . . of the juvenile court affecting the rights or interests of any person coming within its jurisdiction . . . in accordance with the provisions of Chapter 7 (§ 16.1-123 et seq.) of Title 16.1." *See also Grogg v. Commonwealth*, 6 Va. App. 598, 371 S.E.2d 549 (1988). Although Code § 16.1-132 mentions a right to an appeal only with respect to orders or judgments pertaining to convictions, filing for recognizance, or revoking suspension of sentences, we find that this provision does not operate to limit the right of appeal from other juvenile court orders or judgments. Code § 16.1-132 specifically applies to appellate procedure in criminal matters. Our Supreme Court in *Walker v. Dept. of Public Welfare*, 223 Va. 557, 562-63, 290 S.E.2d 887, 890 (1982), recognized that although Chapter 7 of Title 16.1 relates to jurisdiction and procedure for criminal matters, it remains the only available vehicle for appeal from non-criminal juvenile court orders. Guided by *Walker*, we conclude that in the absence of other available procedures, the provisions of Chapter 7 merely provide a procedure by which appeals from juvenile court orders may be taken and are not intended to limit the right to appeal from non-criminal juvenile court orders. Any other interpretation would be untenable, would limit appeals from the juvenile court solely to the orders listed in Code § 16.1-132, and would be contrary to legislative intent. We therefore hold that orders transferring juveniles are final, that a contrary interpretation would contravene legislative intent, and that such orders are immediately appealable to the circuit court and need not be preceded by a conviction under Code § 16.1-132.

Lastly, we address whether a circuit court may act independently of juvenile court procedural provisions by combining a hearing on appeal of a juvenile transfer order with a hearing on the merits of the alleged offense. Hairfield argues that because his appeal of the transfer order to the circuit court was *de novo*, the circuit court, which stood in the place of the juvenile court, erred by refusing to afford him a separate adjudicatory hearing before a different judge in compliance with the provisions of Code § 16.1-269. We agree.

■ "[T]he statutes relating to the procedure applicable to proceedings for cases tried in a juvenile court are mandatory and

must be followed." *Evans v. Cox*, 327 F. Supp. 1057, 1058 (E.D. Va. 1971); *see also Matthews v. Commonwealth*, 216 Va. at 361, 218 S.E.2d at 541; *Peyton v. French*, 207 Va. at 80, 147 S.E.2d at 743. Code § 16.1-269(D) provides that if the juvenile judge who presides over the transfer hearing retains jurisdiction, "the judge who conducted the hearing shall not over objection of an interested party preside at the adjudicatory hearing on the petition, but rather it shall be presided over by another judge for that court." Code § 16.1-269(E) which delineates the procedure the Commonwealth must follow to appeal to the circuit court a decision by the juvenile court to retain jurisdiction, states that if the circuit court decides such case should be transferred to the circuit court and the case is tried on the merits, "[t]he judge of the circuit court who reviewed the case after receipt from the juvenile court shall not over the objection of an interested party preside over the trial of such charge or charges."

■ We believe it to be manifest from the statutory scheme that the legislature intended that the circuit court which hears an appeal of a juvenile court's transfer decision *de novo* pursuant to Code § 16.1-136, must, in the absence of any provision specifying a different procedure, follow the mandatory provisions that govern the procedure of juvenile court transfer proceedings. Our conclusion is consistent with Virginia case law holding that a litigant shall not be prejudiced by his status as an appellant in a trial *de novo*. *See Walker*, 223 Va. at 563, 290 S.E.2d at 890; *Dickerson v. Commonwealth*, 162 Va. 787, 796, 173 S.E. 543, 547 (1934). This conclusion is also consistent with the legislative intent that "in all proceedings concerning the disposition, custody and control of children coming within the purview of the law the court shall proceed upon the theory that the welfare of the child is the paramount concern of the State." *Peyton*, 207 Va. at 79, 147 S.E.2d at 743. It would strain reason to hold that a juvenile is not afforded the right to a different circuit judge at an adjudicatory hearing following appeal of the transfer to circuit court, when the juvenile has that right pursuant to specific language in Code § 16.1-269(1) for the identical proceeding in juvenile court, and in Code § 16.1-269(E) for the identical proceeding in circuit court incident to the Commonwealth's appeal. We therefore hold that the circuit court erred in failing to follow the procedure in Code § 16.1-269 for transfer hearings by denying Hairfield his right to a different judge at the adjudicatory hearing.

For the reasons stated, the circuit court judgment is vacated and the case is remanded to the circuit court with instructions to remand the matter to the juvenile court for a new transfer hearing.

*Vacated and remanded.*

Duff, J., and Cole, J., concurred.