COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder and Petty
Argued at Salem, Virginia


DONALD LEE SMITH, JR.

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0613-09-3                        JUDGE LARRY G. ELDER
                                                    DECEMBER 15, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

Duane K. Barron, Senior Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Benjamin H. Katz, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


        Donald Lee Smith, Jr., (appellant) appeals from a ruling quashing his appeal of a

revocation of suspension of sentence from the juvenile and domestic relations district court to the

circuit court. He contends the circuit court erroneously concluded the appeal was untimely. We

hold his appeal was filed on the same date the trial court revoked the suspension of sentence and,

thus, that it was timely. Accordingly, we remand for further proceedings consistent with this

opinion.

I.

BACKGROUND

        On April 7, 2008, a warrant was issued charging appellant with contributing to the

delinquency of a minor in violation of Code § 18.2-371, based on an excessive number of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

unexcused school absences of one of his four minor children.[1]  On May 14, 2008, a petition was filed on behalf of the Staunton City Public Schools alleging that child was in need of services (CHINS petition) pursuant to Code § 16.1-241(A1).

On June 23, 2008, the juvenile and domestic relations district court (juvenile court) held a hearing on the CHINS petition, and with the agreement of the parties, it found all four of appellant's children were in need of services.  It ordered certain interventions and set the CHINS matter for further review on December 10, 2008.

On June 25, 2008, appellant was tried on the criminal contributing warrant in juvenile court.  The juvenile court convicted appellant and pronounced a sentence of thirty days but suspended the sentence for twelve months and continued the matter to December 10, 2008, for review.

On December 10, 2008, the juvenile court reviewed the criminal contributing charge and the CHINS petition concerning all four children.  The court found the child to whom the contributing conviction pertained, a first grader, had had 32 additional school absences, 19 of which were unexcused, and that two of appellant's three older children had also had multiple unexcused absences.  The court ordered that all four of appellant's children were to be in school every day, and it continued the matters for one week, to December 17, 2008, for further review.

On December 17, 2008, the court entered a form order, which contained a check mark indicating *only* that it pertained to the CHINS case and found the child to whom appellant's contributing conviction pertained had had an additional unexcused absence when the school nurse thought he was able to stay in school but appellant chose to take him home.  The court noted Child Protective Services was working with the family in the home each morning "to help

---

[1] A second warrant was filed alleging appellant contributed to the delinquency of another one of his children in a similar fashion.  That charge was later disposed of by *nolle prosequi* and is not before us in this appeal.

get [the] kids to school," and it ordered the parents to "cooperate fully w/ all services" and "to [have the children] in school every day on time all day unless [they provided] a valid excuse."

Finally, the court noted in parentheses on the December 17, 2008 order, "As to parents, Impose 30 day sentence – parents to report to jail 2/11/09 6:00 pm.  May be re-suspended if they comply w/ this Order."  However, written in red to the left of this notation regarding the contributing conviction was the following:  "per 12/17/08 ADF[2] *do not do* [illegible word] *disp yet*."  (Emphasis and footnote added).  On the back of the contributing warrant on which appellant had been convicted on June 25, 2008, Judge Filson made the notation "Rev. case 2/11/09  adf" and "Parents shall report to jail on 2/11/09 6:00 P."  The record does not establish when either of those notations was made.

The trial record also contains a notice listing appellant and his wife and indicating, "You are hereby ordered to appear in this Court on:  2-11-2009 at 9:30 AM.  Failure to appear will result in immediate action against you."  On the form's pre-printed line stating "JUDGE/CLERK/DEPUTY CLERK" are what appear to be the signatures of appellant and his wife.  A notation on that form indicates it was hand delivered on "12-17-2008."

On February 11, 2009, the court entered another form order.  In the section for indicating the type of case, the form listed *both* appellant's misdemeanor contributing conviction and the CHINS petition.  The court found the child to whom the contributing conviction pertained had missed an additional seven days of school, five of which were unexcused because no doctor's notes were provided.  It wrote "*Disposition* – On contributing charge[], [appellant is] not in compliance & [he] shall report to serve [his] time."  The court ordered the CHINS petition

---

[2] The initials "adf" appear multiple times on the criminal contributing warrant and also on the line for the signature of the judge on each of the CHINS form orders except for one, the order entered December 10, 2008.  That order bears the signature of Judge Anita Filson, whom the Commonwealth's judicial records indicate has the middle initial of D.

continued to March 25, 2009, for further review.  On the back of the criminal contributing warrant, the court wrote, "2-11-09 [defendant] is not in compliance.  Report to jail to serve his time[,] report 6:00 pm today  adf."

Also on February 11, 2009, the clerk prepared and endorsed a disposition notice reflecting appellant's conviction for the misdemeanor violation of Code § 18.2-371 with a sentence of 30 days to begin at 6:00 p.m. that evening.  The disposition notice was dated February 11, 2009, and included the case number for the contributing conviction but did not list a conviction date.  The record also contains a form order entered February 11, 2009, requiring appellant to report for fingerprinting and other data collection.  That order was accompanied by a form letter signed by the deputy clerk indicating that appellant was in the juvenile court "on February 11, 2009 and found guilty of a charge" and that he was required to take the attached papers to the police department so that he could be fingerprinted.

That same day, February 11, 2009, appellant noted an appeal of the criminal contributing charge, citing February 11, 2009, as the date of "conviction."  He obtained a $1,000 recognizance bond and promised to appear for "trial" on his *de novo* appeal on March 16, 2009.

Following appellant's noting of his appeal, the Commonwealth moved to quash the appeal as untimely.  Appellant argued the juvenile court conditionally suspended the sentence on December 17, 2008, and did not impose the suspended time until February 11, 2009.  Appellant conceded that the period in which to appeal the underlying contributing conviction of June 25, 2008, had passed but that his appeal of the revocation of the suspension was timely.

The circuit court determined that the December 17, 2008 order was a final order and that appellant's appeal within ten days after entry of the February 11, 2009 order was untimely.  It granted the Commonwealth's motion to quash and remanded appellant to jail to serve his sentence.

II.

ANALYSIS

Pursuant to Code § 16.1-296(A), "[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a *final judgment, order or conviction* . . . ." See 2009 Va. Acts, ch. 729 (emphasis added) (amending the statute to add the language "to the circuit court" and noting that the provisions of the Act "are declarative of existing law"). Further, "[w]here an appeal is taken by an adult on a finding of guilty of an offense within the jurisdiction of the juvenile . . . court, the appeal shall be dealt with in all respects as is an appeal from a general district court pursuant to §§ 16.1-132 through 16.1-137." Code § 16.1-296(E) (also providing a different procedure where the appeal is "on a charge of non-support"). Thus,

> Any person convicted in a [juvenile] court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court. There shall also be an appeal of right from any order or judgment of a district court forfeiting any recognizance or revoking any suspension of sentence.

Code § 16.1-132; see Barnes v. City of Newport News, 9 Va. App. 466, 468, 389 S.E.2d 481, 482 (1990) (noting right of appeal under code section for non-felony offenses including a juvenile court's revocation of suspension of sentence is *de novo*).

Accordingly, appellant had the right to appeal from the *final* order revoking the suspension of his sentence. A final decree is one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court . . . . On the other hand, every decree which leaves anything in the cause to be done by the court, is interlocutory as between the parties remaining in court.'" Hairfield v. Commonwealth, 7 Va. App. 649, 654-55,

- 5 -

376 S.E.2d 796, 799 (1989) (quoting Southwest Va. Hosps., Inc. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)).

Here, appellant correctly concedes that the underlying conviction for contributing to the delinquency of a minor was a final order on June 25, 2008, and that the time to appeal that conviction had passed. However, he contends that, as to the revocation, the only final appealable order was the one entered February 11, 2009.

We agree. The record, viewed in its entirety, indicates that, as to the criminal contributing matter, the order of December 17, 2008, did not "'dispose[] of the whole subject, *give*[] *all the relief . . . contemplated*, and leave[] nothing to be done by the court.'" Id. (quoting Lipps, 193 Va. at 193, 68 S.E.2d at 83-84) (emphasis added). The back of the contributing warrant indicates the judge noted "Rev. case 2/11/09." Although it also contains the notation, "Parents shall report to jail on 2/11/09 6:00 P," that notation was not separately initialed. Further, the warrant does not indicate when either notation was made, which tends to negate the inference that either notation could be construed as a final disposition of the matter.

In the separate generic form order entered on December 17, 2008, the court listed no case number, and on the line for indicating the type of case to which the order pertained, the court checked only the box for "CHINS," not the box for "felony," "misdemeanor," or "other." The court noted entirely in parentheses near the bottom of that order, "As to parents[,] Impose [the previously suspended] 30 day sentence – parents to report to jail 2/11/09 6:00 pm," but it also noted, within the same parentheses, that the time "[m]ay be re-suspended if they comply with this Order." Immediately to the left of that parenthetical statement appears a handwritten notation, in red ink, that "per 12/17/08 ADF [the presiding juvenile court judge's initials,] *do not do* [illegible word] *disp[osition] yet*." (Emphasis added). These notations within the order make clear it was not a final order as to the revocation of suspension of sentence on the contributing

conviction because it did not "'dispose[] of the whole subject, *give*[] *all the relief . . . contemplated*, and leave[] nothing to be done by the court.'" Hairfield, 7 Va. App. at 654-55, 376 S.E.2d at 799 (quoting Lipps, 193 Va. at 193, 68 S.E.2d at 83-84) (emphasis added).

Further supporting this conclusion is that, in a notice hand-delivered to appellant on December 17, 2008, a copy of which was filed in the circuit court's case file, the court directed him to return to court for review of the case at 9:30 a.m. on February 11, 2009, earlier than the time of 6:00 p.m. given for him to begin serving the thirty-day sentence, clearly indicating an intention to review the matter *before* imposing sentence. In addition, in keeping with the notation in red ink on the face of the December 17, 2008 order, the clerk did not issue the disposition notice setting out the revocation and imposition of appellant's previously suspended sentence until February 11, 2009.

Thus, not until the court heard additional evidence on February 11, 2009 regarding compliance with the conditions of suspension did it make a final, appealable determination regarding whether to impose the previously suspended thirty-day sentence or to re-suspend some or all of that time.

To the extent the Commonwealth contends appellant's February 11, 2009 notice of appeal referenced an untimely appeal of his June 2008 "conviction" on the underlying contributing charge, we hold that the notice of appeal clearly pertained to the revocation order entered February 11, 2009. In noting the appeal, appellant used a form order specifically for appealing pursuant to Code § 16.1-132, which, as quoted above, permits appeal from both a misdemeanor conviction *and* an order forfeiting any recognizance or revoking the suspension of a sentence. Despite the form's express listing of Code § 16.1-132, it provided appellant with the option of describing what he was appealing only by checking either "my conviction" or "the determination on bail." It did not provide a separate option for indicating the appeal pertained to

revocation of the suspension of a sentence. In completing the form notice of appeal, appellant inserted the date of February 11, 2009, in the blank for listing the date of conviction, making clear the final order to which his notice of appeal pertained was the one revoking the suspension of his sentence and not the underlying conviction rendered in June 2008.

III.

For these reasons, we hold that appellant's notice of appeal of the juvenile court's revocation of his suspended sentence was timely. Thus, we reverse the dismissal of his appeal and remand for further proceedings consistent with this opinion.

Reversed and remanded.